**Tarius DORSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–720–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 16, 2001.

Rehearing Overruled Sept. 13, 2001.

Leslie Werner De Soliz, Brown & Associates, Victoria, William J. Patterson, Yoakum, for Appellant.

Michael A. Sheppard, Crain & Sheppard, Cuero, Terry Joseph Breen, Assis-

tant District Attorney, Refugio, for Appellee.

Before Justices DORSEY,
RODRIGUEZ, and CASTILLO.

### OPINION

RODRIGUEZ, Justice.

A grand jury indicted Tarius Dorsey, appellant, for possession of cocaine with intent to deliver in an amount of one gram or more but less than four grams, a second-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon Supp. 2001). A trial court accepted appellant's plea of guilty and sentenced him to twenty years confinement and a $10,000 fine. In five issues, appellant contends the trial court erred by not permitting him to withdraw his plea, that his plea was involuntary, that the prosecutor engaged in misconduct by not disclosing an alleged plea agreement, and that his trial counsel provided ineffective assistance. We affirm.

The facts giving rise to the offense are not in dispute. On March 13, 1998, the trial court held a hearing during which appellant waived various rights and was admonished by the court. The court stated, "It is my understanding in this case that there is no plea bargain." Trial counsel for appellant responded, "That's correct." Appellant entered a plea of guilty, the court found him guilty, and set the hearing on punishment for a later date.

On the same date, appellant signed a number of documents relating to his plea, which were filed with the court, including a judicial confession, a waiver of appeal, a document entitled, "Terms of Plea Bargain," and a "Plea Memorandum." The document entitled "Terms of Plea Bargain" provides, "In return for a plea of guilty and judicial confession, the State recommends the following plea bargain...." A line is drawn through a long

body of text and points to a hand-written sentence stating, "Def. is pleading guilty to the court without an agreed recommendation for sentencing." The "Plea Memorandum" contains various admonishments.

The parties also executed a three page document entitled, "Agreement Memo" on March 13, 1998, but did not file it with the court. The memo provides, in part:

This is an agreement between Tarius Dorsey and the 24th Judicial District Attorney's Office concerning the State's sentencing recommendation at the defendant's sentencing hearing in the above styled cause.

Should the defendant wish to plead guilty and be sentenced immediately, the D.A.'s Office's sentence recommendation to the court would be that the defendant receive a sentence of five years in the State Prison. If, however, after pleading guilty, but before sentencing, the defendant works diligently for the police, as specified below in Part II, and abides by all of the rules and conditions specified therein, and is productive, then the State's sentence recommendation to the court will be: a $500 fine, plus court costs, plus 10 years deferred adjudication probation (or if the defendant prefers, 10 years prison, all suspended for 10 years probation) with the usual conditions of probation, plus 240 hours of community service restitution (the statutory minimum) and no jail time as a condition of probation.

The defendant agrees to plead guilty to the above case and throw himself on the mercy of the court. He understands that any recommendation by the State will NOT be binding on the court at his sentencing hearing, and that the court will have the discretion to sentence him to any sentence that is within the statutory range of punishment.

Both parties agree that the defendant's sentencing date should be postponed until either party requests this case to be set for a sentencing hearing.

\* \* \* \*

If the defendant does not, in the State's opinion, live up to his agreement, as specified in Part II, then the State reserves the right to make some other recommendation at the defendant's sentencing. To give the defendant some idea of what the State's recommendation might be, should he fail to abide by Part II, the State will probably recommend five years in prison if he is unwilling or unable to successfully carry out the requirements of Part II. This would be true even if his failure to be productive is not due to any lack of effort on his own part. If he violated Part II by committing other crimes, then the State's recommendation would be higher than five years....

\* \* \* \*

Part II of the memo sets forth the requirements for appellant to obtain the agreed upon punishment recommendation. Essentially, the memo required appellant to work with law enforcement officials as a confidential informant. Appellant was to inform officials of "every single marijuana and controlled substance dealer he knows about, or has reason to suspect." The memo further provided that appellant was not to violate the laws of Texas, any other state, or the United States, or possess any illegal substances unless authorized by law enforcement officials ahead of time.

On June 17, 1998, the State filed a motion to proceed to sentencing. The State requested a hearing, and informed the court that it "intend[ed] to ask the court to impose a sentence of a fine for $10,000, plus court costs, plus 20 years in the Texas state [prison]." Appellant did not appear at the hearing; consequently, a capias was issued and he was eventually arrested.

Thereafter, an appearance of counsel was filed, indicating a substitution of counsel for appellant. Appellant's new counsel filed a motion to withdraw appellant's plea. According to the motion, appellant had been promised an agreement by the District Attorney in exchange for his plea of guilty, and that agreement had been withdrawn. Appellant attached the agreement memo to the motion.

On October 6, 1999, a sentencing hearing was held before a different judge, during which the court also heard appellant's motion to withdraw his plea. Appellant was present at this hearing. The court orally denied appellant's motion to withdraw his plea and concluded that "the State is complying with the agreement and that their recommendation of 20 years in the penitentiary is not a violation of the agreement." In addition, the court sentenced appellant to twenty years confinement and a $10,000 fine. Having sentenced appellant, the court stated, "You've got the right, of course, to appeal your case."

The trial court signed an order denying appellant's motion to withdraw his guilty plea, and interlineated through language that it was granting appellant permission to appeal. Thereafter, the court entered a written judgment and sentence, which indicated, among other things, that there was no plea bargain. Appellant filed a motion for new trial, which was overruled by operation of law. Appellant also filed a notice of appeal in which he alleged that the substance of his appeal was raised by written motion and ruled on before trial, and that the trial court gave him permission to appeal. This appeal ensued.

We must first determine whether we have jurisdiction to consider this appeal from a plea of guilty. Texas Rule of Appellate Procedure 25.2(b)(3) limits our jurisdiction over appeals from plea-bargained convictions. *See* TEX.R.APP.P. 25.2(b)(3). Under rule 25.2(b)(3), "a plea-bargaining defendant is barred from appealing nonjurisdictional errors occurring before and after entry of his plea unless: (1) the trial court gives permission to appeal; or (2) the matter to be appealed was raised by written motion and ruled on before trial." *Vidaurri v. State,* 49 S.W.3d 880, 883 (Tex. Crim.App.2001). This rule does not apply to convictions from open pleas of guilty. *Hanson v. State,* 11 S.W.3d 285, 287 n. 1 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (citing *Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996)). Thus, whether appellant entered his plea of guilty with or without the benefit of a plea agreement is a threshold question in resolving jurisdiction.

A plea bargain is a contractual arrangement consisting of three parts: a plea of guilty, the consideration for it, and the approval by the court of the agreement. *Ortiz v. State,* 885 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1994), *aff'd,* 933 S.W.2d 102 (Tex.Crim.App.1996). The agreed to sentencing recommendation is the consideration for the defendant's plea of guilty. *Ortiz,* 885 S.W.2d at 273; *Otero v. State,* 768 S.W.2d 848 (Tex.App.—Corpus Christi 1989, no pet.). "Plea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has...." *Perkins v. Court of Appeals,* 738 S.W.2d 276, 282 (Tex.Crim.App.1987). In other words, "plea bargaining is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence." *Id.* (quoting Milton Heuman, *Plea Bargaining* (1978 edition)) (citations omitted); *see Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Phillip R. Spicer, Jr., *Plea Bargaining in Texas,* 14 ST. MARY'S L.J. 57, 57 (1982) ("[p]lea bargaining is a process whereby a criminal defendant gives up his right to trial in exchange for favorable treatment by the prosecuting attorney").

Appellant contends this Court should construe the agreement memo as constituting a plea bargain agreement. As appellant observes, the agreement memo, which was signed by the parties but not introduced before the court at the plea hearing, provides that it "is an agreement between Tarius DORSEY and the 24th Judicial District Attorney's Office concerning the State's sentence recommendation at the defendant's sentencing hearing in the above styled cause." The agreement states that appellant "agrees to plead guilty to the above case and throw himself on the mercy of the court."

On the other hand, it is uncontested that the agreement memo was not accepted or approved by the court as a plea bargain agreement.[1] According to the document entitled "Terms of the Plea Bargain," appellant pleaded guilty without an agreed recommendation for sentencing.

---

1. We note that until the trial court accepts a plea agreement, the agreement is not binding on the parties. *Ortiz v. State,* 933 S.W.2d 102, 104 (Tex.Crim.App.1996).

Thus, although the nomenclature of this document would seem to indicate the existence of a plea bargain, the substance expressly negates the existence of any plea bargain. Unlike the agreement memo, this document was filed with the court. In addition, the judgment reflects appellant entered an open plea of guilty. Finally, when the court questioned the attorneys during the original plea hearing, appellant's first trial counsel represented that there was no plea bargain.

During the hearing on the motion to withdraw the plea, Assistant District Attorney Terry Breen testified as to the nature of the agreement memo. According to Breen, appellant entered an open plea of guilty. At one point during the hearing Breen was questioned whether the agreement memo was completed as an inducement to get appellant to plead guilty. Breen answered, "I suppose." He also admitted that the agreement memo "was agreed to." When subsequently asked whether the agreement memo was made to induce appellant to plead guilty, Breen replied, "No. I did it to make an inducement for him to work for the police." Appellant's counsel who represented him at the initial plea hearing did not testify.

■■■■ We conclude, consistent with appellant's counsel's own representation, the plea documentation, and the judgment, that appellant entered his plea without a plea agreement. We do not construe the agreement memo as constituting a plea bargain agreement. The consideration in the agreement memo does not appear to be appellant's plea of guilty for a lenient recommendation by the prosecutor; instead, the punishment recommendation is in exchange for appellant's cooperation with law enforcement officials. Indeed, in the agreement, the prosecutor's recommendation is dependent on appellant's behavior and cooperation with law enforce-

ment officials. An agreement is not a plea bargain agreement by virtue of it being an agreement in which the prosecutor promises to recommend different punishments based on the cooperation of the defendant with law enforcement officers and based on the defendant not violating any laws prior to sentencing. Such an agreement leaves out an essential element of a plea bargain agreement: the defendant's plea as consideration for the prosecutor's recommendation. *See Ortiz,* 885 S.W.2d at 273. Because appellant's plea of guilty was not consideration for the agreement, it does not constitute a plea bargain agreement. *See Perkins v. Court of Appeals,* 738 S.W.2d 276, 282 (Tex.Crim.App.1987) (plea bargain agreement is a plea of guilty or nolo contendere in exchange for a reduction in the charge or sentence).

Furthermore, the agreement memo uses precatory language when discussing appellant's plea. For example, it provides, "[s]hould the defendant wish to plead guilty. . . ." The agreement also states that "the defendant agrees to plead guilty to the above case *and throw himself on the mercy of the court."* (Emphasis added). We construe this as language associated with an open plea. A defendant who enters into a plea bargain is not at the mercy of the court in the sense that the court must either assess the punishment agreed to by the defendant or allow the defendant to withdraw his plea. The agreement reminds appellant that "any recommendation by the State will NOT be binding on the court at his sentencing hearing, and that the court will have the discretion to sentence him to any sentence that is within the statutory range of punishment." (Emphasis original). Significantly, the agreement does not state that if the trial court did not agree to assess the punishment agreed to by the defendant, appellant would be allowed to withdraw his plea.

Because we conclude appellant entered his plea of guilty without a plea bargain, rule 25.2(b)(3) is inapplicable.

■ A defendant who enters an open plea of guilty generally has an unlimited right to appeal. 3 F. Maloney (ed.), *et al.*, TEXAS CRIMINAL PRACTICE GUIDE § 70.07 (2000) (citing *Jack v. State,* 871 S.W.2d 741, 743–44 (Tex.Crim.App.1994); *Lemmons v. State,* 818 S.W.2d 58, 60–61 (Tex. Crim.App.1991)). However, a "valid plea of guilty ... forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Young v. State,* 8 S.W.3d 656, 666–67 (Tex.Crim. App.2000); *Mallett v. State,* 28 S.W.3d 603, 605 (Tex.App.—Corpus Christi 2000, pet. ref'd).

■ Here, appellant's complaints pertain to his plea of guilty, which cannot be said to be independent of the judgment. Accordingly, appellant's open plea of guilty did not forfeit his right to appeal. We thus proceed to the merits of the appeal.

In his first issue, appellant asserts the trial court erred in refusing to allow appellant to withdraw his plea. Appellant alleges that the trial court did not follow the plea agreement, and was, therefore required to allow him to withdraw his plea.

■ Generally, a defendant may withdraw his plea any time before judgment is pronounced or the case is taken under advisement by the court. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim. App. [Panel Op.] 1979); *Coronado v. State,* 25 S.W.3d 806, 809 (Tex.App.—Waco 2000, pet. ref'd). When a plea agreement exists, the trial court must either follow the prosecutor's punishment recommendation or allow the defendant to withdraw the plea. TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.2000); *Ditto v. State,* 988 S.W.2d 236, 238 (Tex.Crim.App.1999). When a defendant pleads guilty without a plea agreement and judgment has been pronounced or the case has been taken under advisement, however, the trial court's decision whether to allow a defendant to withdraw his plea is discretionary. *See Zinn v. State,* 35 S.W.3d 283, 286 (Tex.App.—Corpus Christi 2000, pet. ref'd) (citing *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim. App.1979); *Rivera v. State,* 952 S.W.2d 34, 35 (Tex.App.—San Antonio 1997, no pet.); *Thompson v. State,* 852 S.W.2d 268, 270 (Tex.App.—Dallas 1993, no pet.)). Abuse of that discretion is shown only when "the trial court's ruling lies outside the 'zone of reasonable disagreement.'" *Watson v. State,* 974 S.W.2d 763, 765 (Tex.App.—San Antonio 1998, pet. ref'd) (quoting *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim.App.1991) (op. on reh'g)).

■ As there was no plea bargain agreement in this case, the court was not obligated to follow any of the various recommendations listed in the agreement memo, nor was it required to allow appellant to withdraw his plea based on appellant's contention that the court was not following the alleged plea agreement. Appellant attempted to withdraw his open plea several months after the court found him guilty and set the punishment hearing for a later date. Accordingly, the trial court had discretion in deciding whether to permit appellant to withdraw his plea. *See DeVary v. State,* 615 S.W.2d 739, 740 (Tex. Crim.App.1981) (court had discretion to refuse withdrawal of plea when defendant attempted to withdraw for the first time at the punishment hearing, some two months after the court took the matter under advisement); *Cano v. State,* 846 S.W.2d 525, 526 (Tex.App.—Corpus Christi 1993, no pet.) (trial court did not abuse its discretion in denying motion to withdraw plea filed almost four weeks after the trial court had taken the matter under advisement).

We find no abuse of discretion and overrule appellant's first issue.

By his second issue, appellant contends his plea was involuntary because it was based on an agreement memo which induced him to plead guilty, and which the State subsequently breached. Because the State chose not to abide by the agreement, but appellant had already performed his end of the agreement by pleading guilty, appellant contends his plea was involuntary.

When the record shows that the trial court gave an admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Crim. App.1985); *Garcia v. State*, 960 S.W.2d 151, 154 (Tex.App.—Corpus Christi 1997, no pet.). The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989); *Harvill v. State*, 13 S.W.3d 478, 480 (Tex.App.—Corpus Christi 2000, no pet.). In reviewing the voluntariness of a defendant's guilty plea, we examine the record as a whole. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App.1998).

In the instant case, the record reflects that appellant was admonished by the court. During the plea hearing, the trial judge admonished appellant concerning the rights he was giving up by pleading guilty. Appellant's counsel informed the judge that there was no plea bargain agreement. Appellant told the trial court he was knowingly and voluntarily pleading guilty. The trial court also gave appellant written admonishments, contained in its plea memorandum, which appellant signed. Attached to the memorandum is an exhibit which explains the consequences of a guilty plea. It states that the recommendation of the prosecuting attorney is not binding on the court, and that the court will inquire as to the existence of any plea agreement. It then explains the consequences should there be such an agreement. Because the trial court admonished appellant, it is incumbent upon the appellant to show that he entered his plea without understanding the consequences of his actions and thus was harmed. *Hughes v. State*, 833 S.W.2d 137, 140 (Tex.Crim.App. 1992).

Appellant did not testify during the hearing on the motion to withdraw his plea and there was no hearing on his motion for new trial. Nonetheless, he alleges the agreement memo induced him to plead guilty, as he believed he had a plea bargain agreement and was under the impression that he could withdraw his plea in the event that the judge did not follow the recommendation set forth in the agreement. Appellant failed to present any evidence as to whether he entered his plea on the belief that he would receive the punishment agreed to in the agreement memo. Nor did he adduce any evidence that he believed the court would have to follow the plea agreement or allow him to withdraw his plea. Thus, appellant failed to show he entered his plea without understanding the consequences of his actions.

Furthermore, appellant's own trial counsel acknowledged at the plea hearing that he was entering his plea without the benefit of a plea bargain. Even if appellant had testified that he relied upon the agreement memo in pleading guilty, the agreement memo expressly states "any recommendation by the State will NOT be binding on the court at his sentencing hearing." (Emphasis original). It does not indicate that appellant could withdraw his plea if the trial court elected not to follow the agreement.

Appellant argues that, under the agreement, the prosecutor represented that if appellant immediately pleaded guilty, he would recommend five years, or if he cooperated with law enforcement officers, he would recommend ten years deferred adjudication and a $500 fine. Appellant contends, without any supporting evidence, that these representations induced him to plead guilty. He further maintains that he cooperated with law enforcement officers and, therefore, the prosecutor's recommendation of more than ten years deferred adjudication rendered his plea involuntary. At a minimum, appellant asserts the State should have recommended a five years confinement as promised if appellant immediately pleaded guilty.

■ Again, appellant failed to provide any evidence that he was induced to plead guilty by the prosecutor's representations. Furthermore, under the express terms of the agreement, the State did not breach the agreement memo. The various punishment recommendations in the memo are contingent upon appellant's cooperation with the police and his not violating any laws. The agreement allowed the State to make some other recommendation should appellant "in the State's opinion," not live up to his agreement.[2] According to Breen, he believed that appellant had violated the agreement memo at the time he gave the court notice he was going to request the maximum sentence. Appellant had refused to reveal the names of everyone he knew or suspected was involved in drugs. Breen testified that officers related to him that appellant was very difficult to contact and was reticent about giving any information. Appellant notes that there was testimony that appellant gave officers the names of several drug dealers and that he cooperated with the officers. However, appellant presented no evidence that he was living up to the terms of the agreement "in the State's opinion." Under the terms of the agreement, therefore, the State was entitled to make "some other recommendation," including the recommendation made. Thus, the State was not in violation of the agreement memo, and appellant cannot establish that his plea was involuntary based on the State's alleged breach of the agreement. We find appellant made no showing that he pleaded guilty without understanding the consequences of his plea nor any showing of harm. Appellant's second issue is overruled.

■ In his third issue, appellant complains the State engaged in prosecutorial misconduct in failing to disclose the alleged plea bargain agreement to the court. Though appellant makes assertions to the contrary in his brief, the evidence does not necessarily indicate that the State failed to disclose the agreement memo to the court. During the sentencing hearing, Breen testified as follows:

[Counsel]: Did you apprise the Court that there was this Agreement Memo put out to the side?

[Breen]: I think Judge Kelly was aware of it.

[Counsel]: Okay. Did you enter it into evidence?

[Breen]: No.

[Counsel]: Okay. Do you—to your recollection, was—is there any part on the record that would show that you advised Judge Kelly that this was out there?

---

2. We note that this is an illusory agreement, as the prosecutor could effectively discontinue performance at any time. A promise is illusory when it fails to bind the promisor, who retains the option of discontinuing performance. *See Light v. Centel Cellular Co.,* 883 S.W.2d 642, 645 (Tex.1994).

[Breen]: I don't know.

Moreover, we have already concluded that the agreement memo did not constitute a plea bargain agreement. Accordingly, the prosecutor was under no duty to disclose the agreement memo. Appellant's third issue is overruled.

By his fourth and fifth issues, appellant complains of ineffective assistance of counsel in allowing him to enter into the agreement memo and in failing to disclose the alleged plea bargain agreement.

 To establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986); *Graves v. State,* 994 S.W.2d 238, 246 (Tex.App.—Corpus Christi 1999, pet. ref'd untimely filed). To satisfy the second prong of the *Strickland* test in the context of a plea of guilty or of nolo contendere, the defendant "must show a reasonable probability that 'but for defense counsel's errors,' the defendant 'would not have pleaded guilty and would have insisted on going to trial.'" *Kober v. State,* 988 S.W.2d 230, 232 (Tex.Crim.App. 1999) (citations omitted).

 Without deciding whether counsel's performance fell below an objective standard of reasonableness, we conclude appellant failed to satisfy the second prong of the *Strickland* test in that he failed to show that, but for the attorney's errors, the result of the proceeding would have been different. There was no hearing on appellant's motion for new trial. He did not introduce evidence that he would not have pleaded guilty but for counsel allow-

ing him to enter into the agreement memo. Similarly, he did not show that he would not have pleaded guilty had his counsel advised the trial court of the agreement memo at his plea hearing.

Appellant maintains he showed harm in that the State indicated it would recommend five years confinement if appellant pleaded guilty and proceeded immediately to sentencing, but instead recommended twenty years after appellant entered into the agreement memo. Appellant did not show that he would not have pleaded guilty, but for his attorney's alleged error. Furthermore, assuming the State would have recommended five years confinement, the trial court was not bound by the State's recommendation and could have sentenced appellant to the maximum sentence.

Appellant further contends that if his trial counsel had disclosed the existence of the agreement memo to the judge, he would have admonished him on the consequences of entering into such an agreement. Article 26.13 provides for either written or oral admonishments. *See* TEX. CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon Supp.2001). In this case, the trial court gave written admonishments to appellant in an exhibit attached to the plea memorandum. These admonishments complied with article 26.13 and included instructions on the consequences of entering into a plea agreement. Because appellant did not satisfy the second prong of *Strickland,* we overrule appellant's fourth and fifth issues.

The judgment of the trial court is AFFIRMED.