NO. 12-02-00286-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GEORGE CLERON MORGAN,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

MEMORANDUM OPINION


 George Cleron Morgan ("Appellant") appeals his conviction for possession of marijuana and
possession of cocaine with intent to deliver. (1) Appellant raises one issue on appeal. We affirm.


Background

 On March 5, 2001, Deep East Texas Narcotics Task Force Officer Jason Bridges ("Bridges")
stopped a vehicle for having an obscured license plate and failing to signal a lane change. Appellant
was in the back seat of the car at the time of the stop. As Bridges spoke to the driver of the car, he
smelled burnt marijuana emanating from the vehicle. Bridges further noted that the passenger in the
front seat of the vehicle also smelled of marijuana and that the driver and the passenger gave
conflicting stories regarding the details of their travel. Bridges subsequently conducted a search of
the vehicle and discovered 1.2 pounds of cocaine and fifteen grams of marijuana.

 Appellant was charged with possession of marijuana and possession of cocaine with intent
to deliver. Appellant filed a motion to suppress, but the trial court neither held a hearing nor ruled
on Appellant's motion. Appellant pleaded guilty as charged without a recommendation by the State
as to punishment. The trial court admonished Appellant and accepted his guilty plea. Following a
hearing on punishment, the trial court sentenced Appellant to imprisonment for twenty-three years
and this appeal followed.


Voluntariness of Guilty Plea

 In his sole issue, Appellant argues that his guilty plea was involuntary and unknowing based
on ineffective assistance of counsel. 

Jurisdiction

 Initially, Appellant discusses whether or not this court has jurisdiction to hear his appeal
given the court of criminal appeals' holding in Cooper v. State, 45 S.W.3d 77, 77 (Tex. Crim. App.
2001). The holding in Cooper was based on the court's interpretation of the language now embodied
by Texas Rule of Appellate Procedure 25.2(a)(2). Id. at 78-9. Moreover, the rule in Cooper applies
only to plea-bargained felony cases. Id. at 81.

 A plea bargain is a contractual arrangement, the consideration for which is the State's
recommendation as to punishment in exchange for the defendant's relinquishment of his right to a
trial. See Dorsey v. State, 55 S.W.3d 227, 232 (Tex. App.-Corpus Christi 2001, no pet.). Where
there is no recommendation as to punishment by the State, there is no consideration, and thus, no
plea bargain. Id. at 233. Therefore, since Appellant pleaded guilty without a plea bargain, Rule
25.2(a)(2) is inapplicable and Appellant correctly concludes that this court has jurisdiction to
consider his appeal. Id. at 234.

Ineffective Assistance of Counsel

 We next consider Appellant's contention that his decision to plead guilty was based on his
trial counsel's alleged faulty advice that it was unlikely that the traffic stop in question was illegal. 
The validity of a guilty plea depends upon whether it was entered voluntarily and made intelligently
and, if upon advice of an attorney, that counsel was reasonably competent and rendered effective
assistance. See Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985); Tex. Code Crim.
Proc. Ann. art. 26.13(b) (Vernon Supp. 2003). In order to successfully attack a guilty plea for
ineffective assistance of counsel, the appellant must show that his attorney's alleged deficiencies
rendered his plea unknowing and involuntary. See Rodriguez v. State, 899 S.W.2d 658, 666 (Tex.
Crim. App. 1995); see also Ex parte Pool, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987) (the test
set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984) applies
to guilty pleas). Counsel is strongly presumed to have rendered adequate assistance and to have
made all significant decisions in the exercise of reasonable professional judgment. See Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The burden is on the appellant to overcome
that presumption. See Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000, pet.
ref'd). The appellant must show specific acts or omissions that constitute ineffective assistance and
affirmatively prove that those acts fall below the professional norm for reasonableness. Id. When
the record demonstrates that the trial court properly admonished the defendant, it presents a prima
facie showing that the guilty plea was knowing and voluntary, thereby shifting the burden of proof
to the defendant to establish that he did not understand the consequences of his plea. See Tovar-Torres v. State, 860 S.W.2d 176, 178 (Tex. App.-Dallas 1993, no pet.). 

 In the case at hand, the record reflects that Appellant was properly admonished. Appellant
argues that his trial counsel's advice that the traffic stop was "unlikely an illegal stop" was erroneous
and caused him to enter his guilty plea involuntarily and unknowingly. We disagree. Texas statutes
provide authority for a police officer to arrest a driver for most observed traffic offenses; (2) therefore,
traffic violations committed in an officer's presence provide both reasonable suspicion to stop the
driver and probable cause for arrest. McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim.
App.1993); Hargrove v. State, 40 S.W.3d 556, 559 (Tex. App.-Houston [14th Dist.] 2001, pet.
denied) (traffic violation, i.e., failure to signal lane change, committed in officer's presence provides
probable cause and justifies detention); see also Whren v. United States, 517 U.S. 806, 810, 116 S.
Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996). 

 Appellant argues at length that an obscured license plate is not a violation of Texas law and,
therefore, not a valid reason for the traffic stop. However, Appellant does not address Bridges's
second reason for the stop - that the driver failed to signal a lane change. (3) Thus, we hold that, given
the evidence supporting the validity of the stop, Appellant's trial counsel's advice as to the potential
outcome of Appellant's motion to suppress was not deficient, much less so deficient as to render
Appellant's guilty plea unknowing and involuntary. Appellant's sole issue is overruled.


Conclusion

 Having held that Appellant trial counsel's advice was not so deficient, if deficient at all, as
to cause Appellant to plead guilty involuntarily or unknowingly, we have overruled Appellant's sole
issue. Accordingly, we affirm the judgment of the trial court.




 SAM GRIFFITH 

 Justice



Opinion delivered April 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.











(DO NOT PUBLISH)
1. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(e), 481.121(a) and (b)(1) (Vernon
Supp. 2003).
2. See Tex. Transp. Code Ann. § 543.001 (Vernon 1999); Tex. Code Crim. Proc. Ann. art. 14.01(b)
(Vernon 1977).
3. Furthermore, although Appellant does not argue that the subsequent search of the vehicle was, in and of
itself, illegal, Bridges's testimony that he smelled burnt marijuana emanating from the car provided evidence to
support probable cause for the search. See Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.-Fort Worth 1998,
pet. ref'd); Hernandez v. State, 867 S.W.2d 900, 907 (Tex. App.-Texarkana 1993, no pet.).