NUMBER 13-03-00646-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

KEVIN DARNELL BROWN,                                                              Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 24th District Court of Jackson County,
Texas.

 

                       MEMORANDUM OPINION

 

      Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








Without a plea agreement, appellant, Kevin Darnell
Brown, pleaded guilty to the offense of possession with intent to deliver more
than four grams but less than 200 grams of cocaine.[1]  The trial court found him guilty and assessed
his punishment at thirty years= imprisonment and a $5,000 fine.  The trial court has certified that this Ais not a plea-bargain case, and [appellant] has the
right of appeal.@  See Tex. R. App. P. 25.2(a)(2). 
In two issues, appellant contends (1) the trial court erred in denying
his motion for new trial because his guilty plea was involuntarily made and
resulted from ineffective assistance of counsel, and (2) the sentence assessed
by the trial court is cruel and unusual punishment.  We affirm.

Because all issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of our
decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

                                                    A.  Motion
for New Trial

                                                          1.  Standard of Review

A trial court=s denial of a defendant=s motion for new trial is reviewed under an abuse of
discretion standard.  Salazar v. State,
38 S.W.3d 141, 148 (Tex. Crim. App. 2001).
 At a motion for new trial
hearing, the trial court is the sole judge of the credibility of the testifying
witnesses.  Id.  We do not substitute our judgment for that of
the trial court, but rather decide whether the trial court=s decision was arbitrary or unreasonable.  State v. Gonzalez, 855 S.W.2d 692, 695
(Tex. Crim. App. 1993).  In determining whether the trial court abused
its discretion, we consider whether the court acted without reference to any
guiding rules and principles.  Lyles
v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).

                                                              2.  Applicable Law








No plea of guilty or plea of nolo contendere shall
be accepted by a trial court unless it appears that the defendant is mentally
competent, and the plea is free and voluntary. 
Tex. Code Crim. Proc. Ann. _ 26.13(b) (Vernon Supp. 2004-05). 
When we review the voluntariness of a plea, we examine the record as a
whole and determine whether the plea was entered voluntarily based on the
totality of the circumstances.  Griffin
v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); see Williams
v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).

When the record shows that the trial court gave an
admonishment, there is a prima facie showing of a knowing and voluntary plea of
guilty.  Ex parte Gibauitch, 688
S.W.2d. 868, 871 (Tex. Crim. App.1985); Dorsey v. State, 55 S.W.3d 227,
235 (Tex. App.BCorpus Christi 2001, no pet.).  The burden then shifts to the defendant to
show that he pleaded guilty without understanding the consequences of his plea
and suffered harm as a result.  See
Tex. Code Crim. Proc. Ann. _ 26.13(c) (Vernon Supp. 2004-05); Dorsey, 55 S.W.3d at 235.  A defendant=s
election to plead guilty or nolo contendere based on the erroneous advice of
counsel is not done voluntarily and knowingly. 
Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).  Once a defendant has pleaded guilty and
attested to the voluntary nature of his plea, he bears a heavy burden at a
subsequent hearing to demonstrate a lack of voluntariness.  Ybarra v. State, 93 S.W.3d 922, 925
(Tex. App.BCorpus Christi 2002, no pet.).








If a guilty plea is entered upon the advice of
counsel, that counsel must be competent and must render effective assistance.  Hill v. Lockhart, 474 U.S. 52, 57 (1985); Ex
parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App. 1985).  The standard for reviewing claims of
ineffective assistance of counsel is set forth in Strickland v. Washington,
466 U.S. 668, 687 (1984).  When a defendant
challenges the voluntariness of a plea entered upon the advice of counsel,
contending that his counsel was ineffective, "the voluntariness of the
plea depends on (1) whether counsel's advice was within the range of competence
demanded of attorneys in criminal cases and if not, (2) whether there is a
reasonable probability that, but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial." Strickland,
466 U.S. at 687; Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App.
1999).

                                                                    3.  Analysis

Appellant was admonished in writing.  See Tex.
Code Crim. Proc. Ann. _ 26.13(d) (Vernon Supp. 2004-05).  The written admonitions were signed by
appellant and appellant=s attorney and state that appellant understands the
admonitions and is aware of the consequences of his plea.  Appellant was admonished that the range of
punishment for this offense was imprisonment for "life or for any term of
not more than 99 years or less than 5 years, and in addition, a fine not to
exceed $10,000."  The written
admonishments provide prima facie proof that appellant pleaded guilty knowingly
and voluntarily.  See Ex parte
Gibauitch, 688 S.W.2d at 871. 
Appellant, therefore, has a heavy burden to establish that his plea of
guilty was involuntary because he did not understand the consequences of his
plea.  See Dorsey, 55
S.W.3d at 235; Ybarra, 93 S.W.3d at 925.

At the motion for new trial hearing, appellant
testified his trial counsel did not inform him he could have his case heard by
a jury and did not pursue a motion to suppress evidence vital to the State=s case.  He
further testified that trial counsel failed to file an application for community
supervision, did not meet with him to discuss the case until the day before the
trial, and refused to seek a continuance the day before trial to better prepare
for that trial.








Appellant=s trial counsel testified at the hearing and refuted
all of appellant=s allegations. 
Counsel testified that he spoke with appellant on numerous occasions
before trial and they decided the best trial strategy was to waive all motions,
including the motion to suppress. 
Counsel also testified he was aware he did not have to file a sworn
application for community supervision to receive community supervision from a
judge.  Further, counsel testified
appellant did not ask for a continuance the day before trial and instead stated
Awhatever is going to happen is going to happen.  It=s up to God now.@

Based on the record as a whole, we conclude
appellant has not met his burden of showing that his plea of guilty was
involuntarily made.  Trial counsel=s advice was within the range of expected
competence, and there is not a reasonable probability that, but for the advice
of counsel, appellant would have pleaded not guilty and demanded a trial.  Accordingly, we hold the trial court did not
abuse its discretion in denying appellant=s motion for new trial.  Appellant=s
first issue is overruled.

                                         B.  Cruel
and Unusual Punishment

Appellant contends his thirty-year sentence is
excessive and disproportionate and violates the prohibition against cruel and
unusual punishment in the Eighth Amendment 
to the United States Constitution and Article I, Section 13, of the
Texas Constitution.








To preserve error for appellate review, a
complaining party must make a timely, specific objection.  Hull v. State, 67 S.W.3d 215, 217
(Tex. Crim. App. 2002); Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991); see Tex. R. App. P.
33.1(a).  Even constitutional errors may
be waived by failure to object at trial. 
Curry v. State, 910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995)
(failure to raise Eighth Amendment objection at trial waives any such claim on
appeal).  Because appellant did not
object in the trial court that his sentence violated the constitutional prohibition
against cruel and unusual punishment, we conclude he waived appellate review on
this issue.  Appellant=s second issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
21st day of July, 2005.











[1] See Tex.
Health & Safety Code Ann. _ 481.112 (Vernon 2003).