NUMBER 13-07-00519-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LOUIS A. RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of Aransas County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Louis A. Rodriguez, pleaded guilty to burglary of a building in June 2005. 
The trial court sentenced appellant to two years in state jail, and pursuant to a plea
agreement, the trial court suspended the sentence and placed appellant on community
supervision for five years. The State filed an original and amended motion to revoke
appellant's community supervision. Appellant pleaded "true" to nine out of eleven
allegations in the State's motion to revoke. After finding that appellant violated the terms
and conditions of probation, the trial court revoked appellant's community supervision and
sentenced him to two years in state jail with credit for two-hundred ninety-two days already
served. Concluding that "this appeal is without merit," and the "record does not support
a meritorious argument for reversal of the trial court's revocation of community
supervision," appellant's counsel filed an Anders brief in which she presented one arguable
issue on appeal. We affirm.

I. Compliance with Anders v. California


 In the Anders brief, appellant's court-appointed counsel stated that she reviewed the
record, researched applicable law, and determined "that the record presents no meritorious
argument for reversal." Anders v. California, 386 U.S. 738, 744 (1967). The brief meets
the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel presented a
professional evaluation of the record including among other things, jurisdiction, sufficiency
of the evidence, and sentencing. See Anders, 386 U.S. at 744; Currie v. State, 516
S.W.2d 684, 684 (Tex. Crim. App. 1974). Appellant's counsel served a copy of the brief
on appellant at the time of its filing. Counsel notified appellant that: (1) she reviewed the
record and concluded that the appeal is without merit; (2) she requested to withdraw as
counsel; and (3) that appellant had the right to request and review the appellate record and
to file a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813
S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. Counsel
forwarded appellant a copy of the appellate brief and provided appellant with mailing
information needed for filing a pro se brief and for obtaining a copy of the record. More
than thirty days have passed, and appellant has not filed a pro se brief. See Anders, 386
U.S. at 744-45; see also High, 573 S.W.2d at 813.

II. Discussion

 In compliance with Anders, counsel raises and reviews one issue as a possible
ground for our review: whether appellant's plea of "true" was knowing and voluntary. Ex
parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); Dorsey v. State, 55 S.W.3d
227, 235 (Tex. App.-Corpus Christi 2001, no pet.) (providing that "[w]hen a defendant has
been properly admonished, there is prima facie evidence that his plea is knowing and
voluntary"). The trial court properly admonished appellant of his right to contest the
charges against him, and appellant testified that his plea of "true" was voluntary and signed
a judicial confession.

 The Supreme Court advised appellate courts that when we receive a "frivolous
appeal" brief we must conduct "a full examination of all of the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see Ybarra
v. State, 93 S.W. 3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). Accordingly, we
have carefully reviewed the record, and we have not found any grounds that would
arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed the
record for reversible error but found none, the court of appeals met the requirements of
Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. Additionally, counsel's motion to
withdraw as appellant's counsel, which was carried with the case on November 29, 2007,
is now granted. see Anders, 386 U.S. at 744. We order counsel to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 8th day of May, 2008.