

NUMBER 13-07-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LOUIS A. RODRIGUEZ,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant, Louis A. Rodriguez, pleaded guilty to burglary of a building in June 2005. The trial court sentenced appellant to two years in state jail, and pursuant to a plea agreement, the trial court suspended the sentence and placed appellant on community supervision for five years. The State filed an original and amended motion to revoke

appellant's community supervision. Appellant pleaded "true" to nine out of eleven allegations in the State's motion to revoke. After finding that appellant violated the terms and conditions of probation, the trial court revoked appellant's community supervision and sentenced him to two years in state jail with credit for two-hundred ninety-two days already served. Concluding that "this appeal is without merit," and the "record does not support a meritorious argument for reversal of the trial court's revocation of community supervision," appellant's counsel filed an *Anders* brief in which she presented one arguable issue on appeal. We affirm.

## I. Compliance with *Anders v. California*

In the *Anders* brief, appellant's court-appointed counsel stated that she reviewed the record, researched applicable law, and determined "that the record presents no meritorious argument for reversal." *Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders*. *Id.* at 744-45; *see High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with *Anders*, counsel presented a professional evaluation of the record including among other things, jurisdiction, sufficiency of the evidence, and sentencing. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974). Appellant's counsel served a copy of the brief on appellant at the time of its filing. Counsel notified appellant that: (1) she reviewed the record and concluded that the appeal is without merit; (2) she requested to withdraw as counsel; and (3) that appellant had the right to request and review the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); *High*, 573 S.W.2d at 813. Counsel forwarded appellant a copy of the appellate brief and provided appellant with mailing

2

information needed for filing a pro se brief and for obtaining a copy of the record. More than thirty days have passed, and appellant has not filed a pro se brief. *See Anders*, 386 U.S. at 744-45; *see also High*, 573 S.W.2d at 813.

## II. Discussion

In compliance with *Anders*, counsel raises and reviews one issue as a possible ground for our review: whether appellant's plea of "true" was knowing and voluntary. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); *Dorsey v. State*, 55 S.W.3d 227, 235 (Tex. App.–Corpus Christi 2001, no pet.) (providing that "[w]hen a defendant has been properly admonished, there is prima facie evidence that his plea is knowing and voluntary"). The trial court properly admonished appellant of his right to contest the charges against him, and appellant testified that his plea of "true" was voluntary and signed a judicial confession.

The Supreme Court advised appellate courts that when we receive a "frivolous appeal" brief we must conduct "a full examination of all of the proceeding[s] to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see Ybarra v. State*, 93 S.W. 3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). Accordingly, we have carefully reviewed the record, and we have not found any grounds that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

3

### III.  Conclusion

The judgment of the trial court is affirmed.  Additionally, counsel's motion to withdraw as appellant's counsel, which was carried with the case on November 29, 2007, is now granted.  *see Anders*, 386 U.S. at 744.  We order counsel to notify appellant of the disposition of this appeal and of the availability of discretionary review.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

 

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 8th day of May, 2008.