NO. 07-07-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 21, 2009
_____

JAIME TREVINO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 379TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004CR6365; HONORABLE BERT RICHARDSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jaime Trevino, Jr. appeals from his sentence of ten years confinement pursuant to a plea agreement, presenting six points of error.  We affirm.

Background

In September 2004, appellant plead guilty to the felony offense of evading detention in a vehicle.[1]  His plea agreement with the State included provisions requiring him to testify

_____

[1]  *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (Vernon 2001).  This is a felony of the third degree punishable by imprisonment for any term of not more than 10 years or less

in the State's prosecution of two other defendants, and stated his sentencing would be postponed until their trials were completed.[2] At the September 2004 hearing, the trial court accepted appellant's guilty plea but did not adjudicate him guilty. Thereafter, at a sentencing hearing in May 2007, the State informed the trial court that appellant had violated the terms of the plea agreement by committing additional offenses after he entered his guilty plea, thus making him an unsatisfactory witness in the cases in which he had agreed to testify. The court adjudicated appellant guilty in accordance with his earlier plea, found he had violated the terms of the September 2004 plea agreement and, relying on the plea agreement,[3] assessed punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant timely appealed. We later abated the appeal and remanded the case to the trial court, asking it to resolve what we saw as ambiguity in the appellate record and issue a corrected certification of appellant's right to appeal. On remand, the trial court conducted a hearing and re-certified appellant's right of appeal.

Analysis

---

than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003).

[2] In return, the State recommended a five-year probated sentence.

[3] Paragraph 2 of the State's agreement with appellant states:

> Should Jaime Trevino fail to fulfill his obligations under this Agreement, as determined by the State, the State will inform the Court of such failure, the agreement as to the disposition in this case will be voided and withdrawn, and the said Jaime Trevino will be subject to the full range of punishment for the offense of Evading Detention with a Vehicle-Enhanced.

By his first two points of error, appellant contends the trial court erred in failing to allow him to withdraw his guilty plea at the May 2007 hearing and instead sentencing appellant to ten years confinement.  In appellant's remaining four points of error, he argues that this Court lacks jurisdiction to consider his appeal.   We begin with appellant's challenge to our jurisdiction.

*Jurisdiction*

Appellant was convicted by the 379th Judicial District Court of Bexar County.  He timely filed notice of appeal to the Fourth Court of Appeals, whose district includes Bexar County.  *See* Tex. Gov't Code Ann. § 22.201(e) (Vernon 2004 & Supp. 2007).  The appeal later was transferred to this court by the Supreme Court of Texas under the authority given it in chapter 73 of the Government Code.[4]  Tex. Gov't Code Ann. § 73.001, et seq. (Vernon 2005).[5]  Appellant's third, fourth, fifth and sixth points of error challenge the validity of the transfer.  He contends the transfer was void because it violated provisions of both the United States and Texas Constitutions, and did not give this court jurisdiction over his appeal.

---

[4] "The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer."  Tex. Gov't Code Ann. § 73.001 (Vernon 2005).  Appellant's appeal was among a block of twenty cases transferred from the Fourth Court to this court.

[5] "The court of appeals to which a case is transferred has jurisdiction of the case without regard to the district in which the case originally was tried and to which it is returnable on appeal."  Tex. Gov't Code Ann. § 73.002(a) (Vernon 2005).

We have previously addressed the same jurisdictional contentions appellant makes here. *Simmons v. State*, No. 07-07-0282-CR, 2009 WL 2341921 (Tex.App.–Amarillo, July 30, 2009, pet. ref'd) (mem. op., not designated for publication). As in *Simmons*, the record here reflects that appellant was notified of the transfer of his appeal from the Fourth Court to this court. So, for the same reasons we discussed in *Simmons*, we find his third through sixth points of error have not been preserved for our review. *See Simmons*, 2009 WL 2341921 at *2. And if we are incorrect and his contentions have been preserved for our review, we must reject them on their merits, for the same reasons we rejected the same contentions in *Simmons*. *Id*. at *2-*3. We overrule appellant's points of error three through six, and find we have jurisdiction of his appeal.

*Withdrawal of Guilty Plea and Imposition of Sentence*

In appellant's first point of error, he contends the trial court erred when it failed to allow appellant the opportunity to withdraw his plea because the court never accepted the plea agreement. The State responds that appellant's first point of error presents nothing for review because the argument made was not presented to the trial court. We agree with the State.

Plea agreements are generally contractual arrangements between the State and defendant. *State v. Moore,* 240 S.W.3d 248, 251 (Tex.Crim.App. 2007). A plea agreement's contractual nature does not become binding, however, until the trial court accepts the proffered agreement. *Id. See also Ortiz v. State,* 933 S.W.2d 102, 104 (Tex.Crim.App. 1996); *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App. 1982)

4

(contract not operative until the court announces it will be bound by plea bargain agreement); *Hatley v. State,* 206 S.W.3d 710, 718 (Tex.App.–Texarkana 2006, no pet.) (once negotiated plea agreement is formally accepted by trial court, binding contractual relationship exists between State and defendant).

Neither at the September 2004 plea hearing nor the May 2007 sentencing hearing did appellant assert the court had never announced its acceptance of the plea bargain agreement. At the sentencing hearing, appellant argued he had not breached the agreement by committing additional offenses before being called to testify in the other defendants' trials.[6] There was no suggestion the plea agreement was not binding because the court had not accepted it. Arguments made on appeal must comport with those made at trial. *See Lanum v. State,* 952 S.W.2d 36, 40 (Tex.App.–San Antonio 1997, no pet.).

Moreover, even had the point of error been preserved, we could not agree with appellant's contention. The signed plea bargain agreement was received into evidence at the plea hearing in September 2004, and appears in the appellate record along with other plea papers signed at that time, including written admonishments and appellant's written waivers of rights and judicial confession. *Cf. Dorsey v. State*, 55 S.W.3d 227, 232-33 (Tex.App.–Corpus Christi 2001, no pet.), discussed in *Moore*, 240 S.W.3d at 251 (noting purported plea agreement in *Dorsey* was never filed with trial court and parties said at plea hearing there was no agreement). The record also reflects that, at the time of appellant's

---

[6] Appellant's counsel argued to the trial court that appellant always remained willing to fulfill his part of the agreement, but the State never called upon him to testify. With regard to his commission of additional offenses, counsel argued "If the State wanted a pure-as-the-driven-snow witness, they should have indicated [so] in the plea agreement."

guilty plea, the court inquired whether appellant understood the documents he had signed and the terms of the plea agreement. Appellant answered affirmatively in open court.

At the May 2007 sentencing hearing, the court stated it had conversations with both parties off the record concerning the "terms of the plea agreement that was filed" and noted that the "agreement will be part of the court's record." The court went on to find appellant had violated terms of his plea agreement.[7] In sentencing appellant to ten years of confinement, the court stated it was "relying on paragraph 2 of page 2 [of the written agreement] and that is I'm still within the parameters of the plea bargain based on his signed terms of the plea bargain agreement. Originally the recommendation was for five years. I am going to sentence him to ten years confinement TDC, finding him guilty of evading arrest with a motor vehicle as an enhanced offense."

In its findings entered on our remand, the trial court found it "did not reject the plea bargain agreement nor refuse to be bound by it under [article 26.13(2) of the Code of Criminal Procedure]." By its finding, the court implicitly found it had accepted the plea agreement. The records of both the 2004 plea hearing and the May 2007 sentencing hearing support the court's implicit finding.

Appellant does not dispute that he knowingly and voluntarily agreed to the plea agreement. The record shows the trial court reviewed the terms of the plea agreement, discussed them in open court, and accepted the plea at the initial plea hearing held in

---

[7] Although appellant argued to the contrary at the hearing, on appeal he does not challenge the State's assertion he violated the agreement.

2004. A copy of the plea agreement was entered into evidence. The trial court again indicated its acceptance of the plea agreement at the sentencing hearing. The court accepted appellant's guilty plea, found him guilty, and sentenced him within the parameters of the plea agreement. *See Moore,* 240 S.W.3d at 254, *citing Dorsey,* 55 S.W.3d at 232.

We overrule appellant's first point of error.

*Terms of Agreement*

By his second point of error, as an alternative argument appellant asserts the terms of the plea agreement required the court to allow appellant the opportunity to withdraw his plea. We disagree, and overrule the point.

In its findings entered on remand, the trial court found it followed the terms of the plea agreement in sentencing. We agree with the trial court's reading of the agreement. As noted, the State informed the trial court appellant had not fulfilled his obligations under the agreement and, under its express terms, his failure to do so caused "the agreement as to disposition" in the case to be "voided and withdrawn, and [appellant to] be subject to the full range of punishment." Under the language of the agreement, and on these facts, the trial court opined appellant did not have the right to withdraw his guilty plea, and we agree. *See Moore*, 240 S.W.3d at 253-54 (construing and finding plea agreement enforcible).

Finding no error, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.


Pirtle, J., concurring and dissenting.