

# NUMBERS 13-18-00299-CR & 13-18-00300-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GONZALO RINCON,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

By two issues, appellant Gonzalo Rincon challenges his conviction for aggravated robbery, a first-degree felony, and burglary of a habitation, a second-degree felony enhanced to a first-degree felony by a prior conviction. *See* TEX. PENAL CODE ANN. §§ 12.42, 29.03, 30.02(c)(2). Rincon argues that (1) he was denied a hearing on his motion to withdraw his plea, and (2) his plea was not willing or voluntary. We affirm.

## I.  BACKGROUND

Rincon was charged by indictment with aggravated robbery and burglary of a habitation and entered a plea of no contest on May 11, 2018.   *See id.* §§ 29.03, 30.02. As part of the plea bargain with the State, Rincon pleaded true to the enhancement paragraph on the burglary of a habitation charge, and the State waived the enhancement paragraph on the aggravated robbery charge.   *See id.* §§ 12.42, 29.03, 30.02.   Rincon was sentenced to five years' imprisonment in the Texas Department of Criminal Justice– Institutional Division on each charge to run concurrently.

On June 4, 2018, Rincon filed a motion to withdraw his plea of no contest, stating that he:   (1) did not understand the ramifications of his plea; (2) was not competent when he entered his plea; and (3) was not guilty.   The trial court denied his motion on June 11, 2018.   Rincon requested an amended trial court certification stating that his plea was not voluntary and was made under duress.   The trial court amended its certification and granted Rincon the right to appeal.   This appeal followed.

## II.  MOTION FOR NEW TRIAL

By his first issue, Rincon alleges the trial court erred in not holding a hearing on his motion.[1]

### A.  Applicable Law and Discussion

We review the trial court's decision on whether to hold a hearing on the defendant's motion for new trial for an abuse of discretion.   *Gonzalez v. State*, 510 S.W.3d 10, 17

---

[1]   Although Rincon's motion to the trial court is titled "Motion to Withdraw Plea of No Contest," we construe it as a request for a new trial.   Rincon's brief argues motion for new trial case law and our analysis will follow that line of law.

(Tex. App.—Corpus Christi–Edinburg 2014, pet. ref'd); *see Lucero v. State*, 246 S.W.3d 86, 94 (Tex. Crim. App. 2008). The trial court abuses its discretion only when its decision lies outside the zone of reasonable disagreement. *Gonzalez*, 510 S.W.3d at 17. In this context, review is limited to the trial court's determination of whether the defendant raised an issue that is not determinable from the record and provided reasonable grounds for the court to hold that relief could be granted. *Id.* The trial judge must hold a hearing if the defendant meets both criteria. *Id.*

The purposes of a new trial hearing are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 299 (Tex. Crim. App. 2009). Such a hearing is not an absolute right. *Id.* Even if the motion raises matters that are not determinable from the record, to prevent "fishing expeditions," the motion must be supported by an affidavit that explicitly sets out the factual basis for the claim. *Gonzalez*, 510 S.W.3d at 17; *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The affidavit does not need to establish a *prima facie* case or even reflect every component to obtain relief from the claim, rather it need only reflect "reasonable grounds" for the court to hold that relief could be granted. *Gonzalez*, 510 S.W.3d at 17. If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required. *Hobbs*, 298 S.W.3d at 199.

Rincon's motion to the trial court requested that the court allow him to withdraw his plea of no contest because he did not understand the ramifications of entering a plea, was not competent to enter a plea, and he is not guilty of the offense. Rincon requested

3

a trial on the merits. However, Rincon's motion was not accompanied by a supporting affidavit that explicitly set out the factual basis for his claims. *See Gonzalez*, 510 S.W.3d at 17. Therefore, the trial court did not abuse its discretion by preventing a "fishing expedition" that was not supported by any facts from Rincon. *See id.* We overrule Rincon's first issue.

### III. PLEA WAS VOLUNTARY

By his second issue, Rincon alleges that his plea was not willing or voluntary.

### A. Applicable Law and Discussion

When the record shows that the trial court gave an admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *Dorsey v. State*, 55 S.W.3d 227, 235 (Tex. App.—Corpus Christi–Edinburg 2001, pet. ref'd). The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *Id.* In reviewing the voluntariness of a defendant's guilty plea, we examine the record as a whole. *Id.*

During the plea hearing, Rincon testified that although he had been treated by MHMR or a mental health provider in the past, he understood what was going on in court that day. Rincon also told the court that he understood everything that his attorney reviewed with him. Rincon waived his right to a jury trial. Although there was an indication that all the paperwork was not completely signed at the time of the plea hearing, the following occurred:

> Defense Counsel: I have discussed with Mr. Rincon all of the options that have to do with range of punishment and sentencing possibilities. He understands that what his rights are with respect to a plea bargain agreement. That if the

4

| | court does not follow the plea bargain agreement, he's no worse off than he is today, that the court can simply just accept or reject the plea bargain, but can't change the plea bargain anyway, shape, or form. And he does understand which plea options he has. |
|---|---|
| Trial Court: | Okay. Thank you very much. And did you hear what your attorney recited in regards to the waivers? |
| Rincon: | Yes, sir. |
| Trial Court: | Is that your understanding as well; those are what you are waiving today? |
| Rincon: | Yes, sir. |
| Trial Court: | Okay. Then in regards to both of those cases, the agg robbery and the burglary of a habitation, how do you plead to both of those offenses, guilty or not guilty? |
| Rincon: | No contest. |
| Trial Court: | Are you pleading no contest because you don't wish to contest the charges against you? Is that right? |
| Rincon: | Yes, sir. |

Following the trial court's acceptance of the plea of no contest, it appeared the trial court allowed defense counsel some time to go over the written paperwork and waivers again and then submit the documents to the court clerk. There was no indication that Rincon did not understand the consequences of his plea deal or his waiver of rights. *See id.* Additionally, article 26.13 allows for admonishments to be made either orally or in writing to a defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d). We hold that Rincon's plea was entered into freely and voluntarily based on the record before us. We overrule Rincon's second issue.

## IV. CONCLUSION

We affirm the judgments of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2019.