NUMBER 13-03-00320-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JOSE ERASMO RUIS,                                                                      Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 24th District Court of Calhoun County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








Pursuant to a plea agreement, appellant,
Jose Erasmo Ruis, pleaded guilty to the offense of delivery of more than one
gram but less than four grams of a controlled substance in a drug-free zone.[1]  After accepting his guilty plea, the trial
court deferred the adjudication of guilt, assessed a $2,500 fine, and placed
appellant on community supervision for ten years.

Later, the State filed a motion to revoke
appellant=s deferred adjudication community
supervision.  Appellant pleaded Atrue@ to the allegations in the motion.  After hearing and considering the motion and
evidence presented, the trial court (1) found that appellant had violated the
conditions of his community supervision, (2) revoked his community supervision,
(3) adjudicated him guilty of the offense of delivery of more than one gram but
less than four grams of a controlled substance in a drug-free zone, and (4)
assessed his punishment at thirty years= imprisonment.  The trial court has certified that this case
is not a plea-bargain case, and appellant has the right of appeal.  See Tex
R. App. P. 25.2(a)(2). 

Because the issues of law presented by this case are well settled and the
parties are familiar with the facts, we will not recite the law and facts in
this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4. 

                                                 A.  Counsel=s Anders Brief








Appellant=s attorney has filed a brief with this Court
asserting there is no basis for appeal.  See
Anders v. California, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 87 S. Ct. 1396
(1967).  According to the brief, counsel
has reviewed the clerk=s record and reporter=s record and has concluded that the appeal
is frivolous and without merit.  See
id.  The brief meets the requirements
of Anders as it presents a professional evaluation showing why there are
no arguable grounds for advancing an appeal. 
See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991).  In compliance with High v.
State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has
carefully discussed why, under the controlling authorities, there are no errors
in the trial court's judgment and revocation order.  In the brief, appellant=s counsel states that he has informed
appellant of his right to review the appellate record and to file a pro se
brief.

                                                B.  Appellant=s Pro Se Brief

Appellant has filed a pro se brief.  In eleven issues,[2]
appellant contends (1) the evidence is legally and factually insufficient to
support his conviction, (2) his trial counsel provided ineffective assistance
of counsel, (3) the trial court improperly denied him a punishment hearing, (4)
his plea was involuntary, (5) the State withheld exculpatory evidence, and
(6)  the State failed to properly notify him
of its intent to obtain an enhanced sentence.

                                      1.  Complaints Regarding Original Conviction

Appellant=s first five issues stem from his original
plea hearing.  Appellant argues that (1)
the evidence presented at his plea hearing was legally and factually
insufficient to support his conviction, (2) the State did not notify him of its
intent to seek enhanced sentences, (3) the trial judge misled appellant on the
terms of his plea bargain agreement, (4) appellant received ineffective
assistance of trial counsel, and (5) the State withheld exculpatory evidence at
trial.








If appellant wished to appeal issues arising
from the original plea proceeding, he must have done so at that time.  Manuel v. State, 994 S.W.2d 658, 661‑62
(Tex. Crim. App. 1999).  Because
appellant waited until after the
adjudication of guilt was formally made, we are without authority to consider
an appeal from the original plea proceeding. 
Id. at 662.  Accordingly,
we overrule appellant=s first, second, third, fourth, and fifth issues.

                                                 2.  Legal and Factual Sufficiency

In his sixth and seventh issues, appellant contends
the evidence is legally and factually insufficient to justify the revocation of
his deferred adjudication community supervision.  Article 42.12, section 5(b) of the code of
criminal procedure provides that no appeal may be taken from a trial court=s determination to proceed with the adjudication of
guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2004); see Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826
S.W.2d 940, 942 (Tex. Crim. App. 1992). 
Therefore, we have no power to review any challenge to the sufficiency
of the notice contained in the terms and conditions of the community
supervision imposed by the trial court, adequacy of the State=s motion to revoke, or sufficiency of the evidence
to support the trial court=s adjudication decision.  See Connolly, 983 S.W.2d at 741.  Appellant=s
sixth and seventh issues are overruled.

                                                             3.  Involuntary Plea

In his eighth issue, appellant contends his plea of Atrue@ at the revocation hearing should be voided because
(1) his attorney did not explain the consequences of pleading true, (2) both
the State and appellant=s attorney made misleading statements that induced
the plea, and (3) the trial court did not inform him of the alternatives to
pleading true.








No plea of guilty or plea of nolo contendere shall
be accepted by a trial court unless it appears that the defendant is mentally
competent and the plea is free and voluntary.  Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon Supp. 2004-05).  When we
review the voluntariness of a plea, we examine the record as a whole and
determine whether the plea was entered voluntarily based on the totality of the
circumstances.  Griffin v. State,
703 S.W.2d 193, 196 (Tex. Crim. App. 1986); see Williams v. State, 522
S.W.2d 483, 485 (Tex. Crim. App. 1975).

When the record shows that the trial court gave an
admonishment, there is a prima facie showing of a knowing and voluntary plea of
guilty.  Ex parte Gibauitch, 688
S.W.2d 868, 871 (Tex. Crim. App. 1985); Dorsey v. State, 55 S.W.3d 227,
235 (Tex. App.BCorpus Christi 2001, no pet.). The burden then
shifts to the defendant to show that he pleaded guilty without understanding
the consequences of his plea and, consequently, suffered harm.  See Tex.
Code Crim. Proc. Ann. art. 26.13(c) (Vernon Supp. 2004-05); see also
Dorsey, 55 S.W.3d at 235.  A
defendant's election to plead guilty or nolo contendere when based upon
erroneous advice of counsel is not done voluntarily and knowingly.  Ex parte Battle, 817 S.W.2d 81, 83
(Tex. Crim. App. 1991).  Once a defendant
has pleaded guilty and attested to the voluntary nature of his plea, he bears a
heavy burden at a subsequent hearing to demonstrate a lack of voluntariness.  Ybarra v. State, 93 S.W.3d 922, 925 (Tex.
App.BCorpus Christi 2002, no pet.).








Appellant pleaded true to the allegations in the
State=s motions to revoke. 
His plea is reflected in a written Aplea of true@ filed with the court.  Appellant also verbally pleaded true to the
allegation in open court.  Through
questioning at the hearing on the motion to revoke, the trial court ascertained
that appellant=s plea was made because the allegations were true,
that his plea was not forced or coerced, and that his plea was made freely and
voluntarily.  The trial court also found
that appellant was competent to enter a plea of true.  Furthermore, a review of the record has
uncovered no evidence to substantiate appellant=s
claim that he was misled and thereby induced into pleading true.  We do not consider allegations that are
unsupported and unfounded in the record. 
Garcia v. State, 791 S.W.2d 279, 282 (Tex. App.BCorpus Christi 1990, pet. ref=d).  We
conclude that appellant has not met his burden to show that he pleaded true
without understanding the consequences of his plea and, consequently, suffered
harm.  Appellant=s eighth issue is overruled.

                                                 4.  Denial of Punishment Hearing

In his ninth issue, appellant asserts the trial
court erred in failing to conduct a separate punishment hearing after finding
that appellant had violated the conditions of his community supervision.  Appellant made no objection to this at trial;
nevertheless, such an error can be preserved by raising the issue for the first
time in a motion for new trial.  Pearson
v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).  Appellant timely filed a motion for new
trial; however, he did not present his complaint regarding the denial of a
punishment hearing to the trial court.[3]  To avoid the forfeiture of a complaint on
appeal, a party must let the trial court know what he wants, why he thinks
himself entitled to it, and do so clearly enough for the trial court to
understand him at a time when the trial court is in a proper position to do
something about it.  See Keeter v.
State, 2005 Tex. Crim. App. LEXIS 521, at *10 (Tex. Crim. App. April 6,
2005) (citing Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App.
1992)); see also Tex R. App. P.
33.1.  In this case, appellant did not
present his complaint to the trial court before raising it as an issue on
appeal.  Appellant=s ninth issue is overruled.








                                          5.  Ineffective Assistance of Trial Counsel

In his tenth issue, appellant complains he received
ineffective assistance of trial counsel. 
Specifically, appellant contends his trial counsel failed to properly
advise him on the following:  (1) the
consequences of pleading true; (2) appellant=s due
process rights; and (3) the availability of trial motions at appellant=s disposal.

The standard of review for ineffective assistance of
counsel claims is that appellant must show that (1) counsel=s performance was deficient, and (2) the deficiency
of counsel=s performance caused prejudice to appellant.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Cardenas v. State, 30 S.W.3d 384, 391 (Tex. Crim. App.
2000).  Such claims must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689; Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).








We begin our analysis with a rebuttable presumption
that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case and that counsel made all significant
decisions in the exercise of reasonable professional judgment.  Delrio v. State, 840 S.W.2d 443, 447
(Tex. Crim. App. 1992).  The presumption
may be rebutted by evidence of counsel=s reasoning or lack thereof.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).  The most
effective way to demonstrate ineffective assistance of counsel is by presenting
evidence at a hearing on a motion for new trial.  See generally McCain v. State, 995
S.W.2d 229, 245 n.9 (Tex. App.BHouston [14th Dist.] 1999, pet. denied).

Appellant filed a motion for new trial which was
denied without a hearing.  The record
before us is silent regarding any alleged ineffectiveness by trial
counsel.  Appellant=s complaint that he received ineffective assistance
of trial counsel is not firmly founded in the record, and the record does not
affirmatively demonstrate the alleged ineffectiveness.  Accordingly, we hold that appellant has not
sustained his burden of proving his claim of ineffective assistance of trial
counsel by a preponderance of the evidence. 
Appellant=s tenth issue is overruled.

                                     6.  Ineffective Assistance of Appellate
Counsel

In his eleventh issue, appellant contends that
appellate counsel was ineffective because counsel (1) filed an Anders brief
and (2) failed to consult with appellant regarding possible errors that
appellant believes are worthy of appeal. 
This contention is not supported by the record.  After reviewing the record, we have found
that appellant=s alleged errors lack merit.  We cannot say that appellate counsel was
ineffective if he also found those alleged errors to have no merit.  Because appellant failed to rebut the presumption
that appellate counsel rendered reasonable professional assistance, we overrule
appellant=s eleventh issue.

                                          C.
Counsel=s Motion To Withdraw








In accordance with Anders, counsel has asked
permission to withdraw as counsel for appellant in this appeal.  See Anders, 386 U.S. at 744.  An appellate court may grant a counsel=s motion to withdraw filed in connection with an Anders
brief.  Moore v. State, 466
S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813 S.W.2d at
511 (noting that Anders brief should be filed with request for
withdrawal from case).  We grant counsel=s motion to withdraw.  We order counsel to advise appellant promptly
of the disposition of this case and the availability of discretionary
review.  See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

We affirm the judgment of the trial court.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
22nd day of August, 2005.











[1] See Tex.
Health & Safety Code Ann. '' 481.112(c), 481.134(b) (Vernon
2003).





[2]
For organizational purposes,
appellant=s issues have been numbered by this
Court.





[3] The text of the motion states as
follows: AThe verdict in this cause is
contrary to the law and the evidence.@