Lucious T. HARGROVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–98–01309–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 11, 2001.

Rehearing Overruled March 22, 2001.

Charles Freeman, Houston, for appellant.

Kelley Ann Smith, Houston, for appellee.

Panel consists of Justices SEARS, CANNON, and DUNN.*

**OPINION**

CANNON, Justice (Assigned).

The appellant, Lucious T. Hargrove, entered a plea of guilty of possession with intent to deliver more than 200 grams and less than 400 grams of cocaine. There was no plea bargain, and no punishment recommendation from the prosecutor. The trial court set Mr. Hargrove's punishment at twelve years in the Texas Department of Criminal Justice, Institutional Division.

Before Mr. Hargrove entered his plea, the trial court had denied his motion to suppress. Mr. Hargrove challenges the reasonableness of police detaining him for failure to signal a lane change. He also argues that the statute forbidding a lane change without signaling is unconstitutionally vague. The prosecutor, in a crosspoint, argues the *Helms* rule deprives us of jurisdiction to rule upon a open plea of guilty, in this case without any recommendation from the prosecutor. We first find we have jurisdiction. Considering the merits, we find the detention reasonable, and the statute constitutional. We affirm.

* Senior Justices Ross A. Sears, Bill Cannon, and D. Camille Hutson–Dunn sitting by assignment.

*Facts*

On February 16, 1998, Detective Frank Fulbright of the Harris County Sheriff's office was operating undercover. He received a call from a confidential source, indicating narcotics trafficking in Room 125 of a La Quinta hotel in the 11900 block of the East Freeway. He investigated, obtaining from the clerk Hargrove's name as the person who was renting the room and obtaining Hargrove's drivers license number. He ran the license number, then called the Baton Rouge, Louisiana police. A red Honda automobile with Louisiana license plates was parked near the room. It was registered to a female. Appellant Lucious Hargrove and a companion exited the room, went shopping in a mall, and returned to the room.

A third person arrived. About ten a.m., Hargrove checked out. The third party and Hargrove's companion left in the red Honda. The appellant drove away in a maroon Jeep. Detective Fulbright followed. Later, testifying about tailing suspects, Fulbright stated, "we may follow them to Beaumont before we get a traffic violation." When Fulbright saw Hargrove change lanes near I 10 without signaling, Fulbright radioed Houston Police Officer Rodriguez, a Houston Police officer providing backup, to pull Hargrove over. A paper Jack In the Box bag was on his seat. Asked for his license and insurance, the appellant knocked over the bag while reaching for his wallet. When the bag fell over on the Jeep's console, Officer Fulbright saw a clear plastic baggie from the passenger side. The baggie contained what appeared to be cocaine.

*Analysis*

*No Helms waiver*

■ As a jurisdictional matter, the State contends the appellant has waived all non-jurisdictional issues by entering an open plea of guilty under *Helms v. State*, 484 S.W.2d 925 (1972). The State contends *Helms* was merely limited in *Young v. State*, 8 S.W.3d 656 (Tex.Crim.App. 2000). *Young* decries the waste of resources when a party must go to trial to attack pre-trial rulings. Specifically, it holds, "Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered *independent of*, and is not supported by, the error."

The language of *Young* and its reasoning focus upon conditional pleas. However, *Young* does not explain what constitutes a plea "independent of" the error. The State argues the judgment was independent of the ruling on the motion to suppress because the appellant signed a judicial confession in connection with his plea. If we automatically consider a judicial confession form renders a guilty plea "independent of" pretrial rulings, we would nullify the practical objective of *Young* to avoid waste. In *Young* the court clearly had a practical objective—avoiding unnecessary trials. The incentive to forego trial is the hope for favorable treatment. The Court of Criminal Appeals explained in *Young*, "we have lately held that a judicial confession given in support of a plea of guilty or nolo contendere in a felony prosecution will not, standing alone, obviate substantive treatment of the merits of a pretrial motion to suppress." *Young*, 8 S.W.3d at 662 n. 16 (citing *Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Crim.App. 1985) ("When made, the confession or admission is a necessary and concomitant part of the whole ritual of the guilty plea trial. The plea no longer intrinsically

waives the right to complain of pretrial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint.")).

Normally, any finding the guilty plea was not independent would require some basis in the record. *See Sherman v. State*, 12 S.W.3d 489, 492 (Tex.App.—Dallas 1999, no pet.). Nothing in the current record affirmatively indicates that the pretrial ruling actually was part or all of the reason for the plea or the confession, or that the plea was a conditional plea. A criminal could confess for an entirely different reason than the pretrial ruling. Negotiations in more serious cases against the accused, for example, may have required an open plea of guilty in the case a defendant later appeals. In the instant case, the record of the sentencing hearing shows the Appellant is on probation in Louisiana for distribution of cocaine.

In *Young*, however, there was no indication in the opinion of a conditional plea. Still, Young entered a plea immediately after her motion to suppress was overruled. The Court of Criminal Appeals found the plea was not independent of the pretrial ruling. Similarly, there is no indication Hargrove's plea was conditional. While the better practice may be to create a record showing the decision to plead was not independent of the pretrial ruling, the Court of Criminal Appeals seems to have left the courts to assess the issue on a case-by-case basis. With guilty pleas, we cannot analyze the pretrial ruling in the context of the entire factual circumstances to determine whether it formed part of the basis for deciding to plead guilty. Accordingly, we must rely upon the record at the pretrial hearing and look to the nature of the issue upon which the trial court ruled. In the present circumstance, had the co-

caine been excluded, there would be no case.

In the present case, asserting jurisdiction over the claim appears best to further the policies *Young* represents. *Young* clearly contemplates removal of the incentive to conduct a trial that, in defense counsel's best judgment, is unnecessary. We find that under the policy applied in *Young*, we should assert jurisdiction.

### Statute requiring signals not illegal

■ The appellant contends the provisions of sections 545.104(a) and 545.106 of the Texas Transportation Code requiring a signal before turning, changing lanes, or starting from a parked position, are unconstitutionally vague. Section 545.104(a) states, "An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position." Section 545.106 authorizes hand and approved light signals.

■ The plain language of section 545.104(a) requires a driver to signal. We construe statutes in accordance with the plain meaning of their literal text unless the language of the statute is ambiguous or the plain meaning leads to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Section 545.104(a) is clear on its face. If the legislature had meant to say "A driver may signal by hand or with approved lights," it could have simply said so. Absent a law forbidding it, signaling would be legal. The interpretation the appellant suggests, that it authorizes signaling, would render it meaningless. The interpretation of the statute appellant suggests is not reasonable. Appellant's claim it is unconstitutionally vague is overruled.

### Reasonable Suspicion

■ We next consider whether there was a reasonable suspicion to justify the appellant's detention. At a hearing on a motion to suppress, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight of their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Whitten v. State*, 828 S.W.2d 817, 820 (Tex.App.— Houston [1st Dist.] 1992, pet. ref'd). On appeal, we decide whether the record supports the trial judge's fact findings. If the record supports the trial court's fact findings, we are not at liberty to disturb them. We address only the question of whether the trial court improperly applied the law to the facts. *Romero*, 800 S.W.2d at 543; *Whitten*, 828 S.W.2d at 820. We view the evidence adduced at a suppression hearing in the light most favorable to the trial court's ruling in determining whether the trial court abused its discretion in denying the motion to suppress. *Whitten*, 828 S.W.2d at 820.

■ The detective testified the officers made the stop based upon the unsignalled lane change. Committing a traffic violation in an officer's presence provides probable cause, and justifies detention. *See, e.g., McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App.1993) (running a red light); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App.1992) (running a stop sign); *Armitage v. State*, 637 S.W.2d 936, 939 (Tex.Crim.App.1982) (driving with a defective taillight). A peace officer is authorized to arrest a person found committing a traffic violation other than speeding. *See* Tex.Code Crim.Proc.Ann. art. 14.01(b)(Vernon 1977)(a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view); Tex.Code Crim.Proc.Ann. § 543.001 (general authorization to arrest); Tex.Code Crim.Proc.Ann. § 543.004 (exception for speeding offense). *Texas Dept. of*

*Public Safety v. Walter,* 979 S.W.2d 22, 28 (Tex.App. [14th Dist.] 1998, no pet.) (holding substantial evidence supported a reasonable suspicion to stop driver who officer observed changing lanes without signaling). The appellant seems to argue the turn signal violation could not support the stop, and was a mere pretext for the real reason, drug investigation. The judge may, indeed have concluded from the evidence that the drug investigation was a reason for the stop, but the traffic violation sufficed. The officers did not stop and search, they simply stopped the defendant, and saw contraband in plain view. While the appellant's position is ably argued, we cannot invade the judge's role in finding facts and determining the weight and credibility of the evidence. As a result, the contention the stop was illegal is overruled.

The appellant's conviction is affirmed.