Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARK DEUTROM,                                           )                  No. 08-03-00003-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 1
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20010C16576)


MEMORANDUM OPINION

            Mark Deutrom appeals his conviction of unlawfully carrying a weapon. A jury found
Appellant guilty and the trial court assessed punishment at a fine of $500 and confinement for ninety
days. The court suspended Appellant’s sentence and placed him on community supervision for a
term of one year. On appeal, Appellant argues that he was denied the effective assistance of counsel
at trial because his attorney did not challenge the legality of the stop or seizure of evidence. We
affirm.
FACTUAL SUMMARY
            On October 26, 2001 at approximately 3:30 a.m., Appellant made an unsafe lane change
directly in front of the patrol car driven by Marcos Santos, an El Paso Police Officer.


 Santos’ patrol
car was traveling in the same direction as Appellant’s Jeep Cherokee on Mesa Street in El Paso


 but
the patrol car was in a lane to the left and slightly behind Appellant’s vehicle. Santos was forced to
brake abruptly in order to avoid a collision when Appellant’s vehicle suddenly came into the
officer’s lane. Appellant also failed to signal his intention to change lanes by using his turn signal. 
After Appellant completed a turn onto an adjoining street, Santos initiated a traffic stop. Appellant
opened the driver’s side door after stopping and started to exit. Santos instructed him to stay in the
car but Appellant left the door open as Santos approached the vehicle. Santos told Appellant the
purpose of the stop and asked for his driver’s license and insurance information. As Appellant
searched for his wallet in the car, Santos observed a large knife in plain view on the floorboard
beneath Appellant’s legs. Santos immediately recognized the knife as a bayonet. The bayonet’s
blade was seven inches in length. Santos asked Appellant to step out of the car and arrested him for
unlawfully carrying a weapon.
            Based on Santos’ complaint, Appellant was charged with unlawfully carrying an illegal knife. 
The jury found Appellant guilty as charged in the information. Appellant filed a pro se motion in
arrest of judgment but he did not did not raise his complaint regarding ineffective assistance of
counsel.
INEFFECTIVE ASSISTANCE
            In his sole point of error, Appellant asserts that he was denied the effective assistance of
counsel at trial because his trial attorney did not file a motion to suppress the evidence or otherwise
object to admission of evidence based upon an allegedly illegal stop. He also contends that trial
counsel should have requested a jury instruction pursuant to Article 38.23 of the Texas Code of
Criminal Procedure. Appellant argues that the traffic stop was not valid because the officer did not
issue a citation for the violation.
The Standard of Review
            The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel’s performance was deficient, to the extent that counsel failed to function as the “counsel”
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
The defendant must demonstrate that his attorney’s representation fell below an objective standard
of reasonableness under prevailing professional norms. Vasquez v. State, 830 S.W.2d 948, 949
(Tex.Crim.App. 1992). Under the second prong, the defendant must establish that counsel’s
deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80
L.Ed.2d at 693; Jackson, 877 S.W.2d at 771. Prejudice is established by a showing that there is a
reasonable probability that but for counsel’s unprofessional errors, the result of the proceeding would
have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877
S.W.2d at 771; Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771. Under the Strickland test,
the appellant bears the burden of proving ineffective assistance by a preponderance of the evidence.
Jackson, 877 S.W.2d at 771; Calderon v. State, 950 S.W.2d 121, 126 (Tex.App.--El Paso 1997, no
pet.).
            When we review a claim of ineffective assistance of trial counsel, we must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable, professional assistance
and the appellant must overcome the presumption that the challenged conduct can be considered
sound trial strategy. Jackson, 877 S.W .2d at 771; Calderon, 950 S.W.2d at 126. Under normal
circumstances, the record on direct appeal will not be sufficient to show that counsel’s representation
was so deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. See Mitchell v. State, 68
S.W.3d 640, 642 (Tex.Crim.App. 2002); Thompson v. State, 9 S.W.3d 808, 814 (Tex.Crim.App.
1999). An appellant challenging trial counsel’s performance therefore faces a difficult burden and
“a substantial risk of failure.” See Thompson, 9 S.W.3d at 813.
            Appellant did not raise his complaint in a motion for new trial. Consequently, counsel has
not been provided with the opportunity to respond to Appellant’s claims of deficient performance
and the record is silent with respect to the basis for counsel’s decision not to challenge the legality
of the stop. For this reason alone, Appellant has failed to sustain his burden under Strickland.             Although we are not required to speculate regarding counsel’s trial strategy, counsel likely
concluded that the stop of Appellant’s vehicle was lawful and not subject to challenge. A routine
traffic stop resembles an investigative detention. Berkemer v. McCarty, 468 U.S. 420, 439, 104 S.Ct.
3138, 3149-50, 82 L.Ed.2d 312 (1984); State v. Cardenas, 36 S.W.3d 243, 246 (Tex.App.--Houston
[1st Dist.] 2001, pet. ref’d). To determine the reasonableness of an investigative detention, we apply
the test articulated in Terry v. Ohio: (1) whether the officer’s action was justified at its inception; and
(2) whether it was reasonably related in scope to the circumstances that justified the initial
interference. Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); Davis
v. State, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997). The United States Supreme Court has held
that, as a general matter, the decision to stop an automobile is reasonable where the police have
probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806,
810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). Under Texas law, a peace officer is authorized
to arrest a driver found committing a traffic violation other than speeding. See Tex.Code
Crim.Proc.Ann. art. 14.01(b)(Vernon 1977)(a peace officer may arrest an offender without a
warrant for any offense committed in his presence or within his view); Tex.Transp.Code Ann. §
543.001 (Vernon 1999)(general authorization to arrest); Tex.Transp.Code Ann. § 543.004
(exception for speeding offense). Therefore, traffic violations committed in an officer’s presence
provide probable cause to stop the vehicle and detain the driver. McVickers v. State, 874 S.W.2d
662, 664 (Tex.Crim.App. 1993); Hargrove v. State, 40 S.W.3d 556, 559 (Tex.App.--Houston [14th
Dist.] 2001, pet. ref’d)(traffic violation, i.e., failure to signal lane change, committed in officer’s
presence provides probable cause and justifies detention); see also Whren, 517 U.S. at 810, 116 S.Ct.
at 1772.
            According to the undisputed evidence at trial, Appellant committed at least one traffic
violation--an unsafe lane change. Pursuant to Section 545.060 of the Texas Transportation Code:
An operator on a roadway divided into two or more clearly marked lanes for traffic:
(1) shall drive as nearly as practical entirely within a single lane; and
(2) may not move from the lane unless that movement can be made safely.
Tex.Transp.Code Ann. § 545.060. 
            Contrary to Appellant’s argument, Santos’ failure to issue a traffic citation does not constitute
proof that the violation did not occur. Santos testified that he had to bring his vehicle to an “abrupt
halt” in order to avoid a collision after Appellant suddenly changed lanes into the one occupied by
the patrol car. In Santos’ opinion, the sudden lane change was “unsafe.” The undisputed evidence
demonstrates that Appellant moved his vehicle from its lane and into the patrol car’s lane when it
was not safe to do so. Appellant’s violation of Section 545.060 provided Santos with reasonable
suspicion to stop the vehicle.


 Thus, trial counsel could have reasonably concluded that there was
no basis for an objection to the validity of the stop or for an instruction under Article 38.23. Under
these circumstances, Appellant has failed to rebut the presumption that counsel’s conduct falls within
the wide range of reasonable, professional assistance. We overrule Appellant’s sole point of error
and affirm the judgment of the trial court.


October 14, 2004                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)