ACCEPTED
03-15-00098-CR
5452804
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/28/2015 1:40:37 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00098-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

5/28/2015 1:40:37 PM

JEFFREY D. KYLE
Clerk

********

# BRIAN VINCENT ROBINSON

## VS.

# THE STATE OF TEXAS

********

ON APPEAL FROM THE 27th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 70532

******

# STATE'S BRIEF

******

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

1

# TABLE OF CONTENTS

**ITEM**                                                                **PAGE**

Index of Authorities ........................................................................... 3

Statement Regarding Oral Argument ................................................. 5

Statement of the Case ....................................................................... 5

Statement of Facts ............................................................................ 5

Summary of State's Argument ......................................................... 7

Argument and Authorities ............................................................... 8

    Issue on Appeal ........................................................................... 8
        TRIAL COURT ABUSE DISCRETION  DENYING
        MOTION TO SUPPRESS  BASED UPON TRAFFIC
        STOP UNDER SECTION 545.104(b),
        TRANSPORTATION CODE?

    Standard of Review ................................................................... 8

    Application and Analysis .......................................................... 9

Prayer ................................................................................................ 15

Certificate of Compliance with Rule 9 ............................................. 15

Certificate of Service ....................................................................... 16

Appendix ........................................................................................... 17
    *State v. Kidd*, No. 03-09-00620-CR, 2010 Tex. App.
    LEXIS 10341 (Tx. App. Austin 3rd Dist. 2010 no pet),
    Not designated for publication.

# INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGE**

*Boykin v. State*, 818 S.W.2d 782 ............................................................. 12
    (Tx. Cr. App. 1991)

*Carmouche v. State*, 10 S.W.3d 323 ...................................................... 8
    (Tx. Cr. App. 2000)

*Estrada v. State*, 154 S.W.3d 604 .......................................................... 8
    (Tx. Cr. App. 2005)

*Hargrove v. State*, 40 S.W.3d 556 ......................................................... 11
    (Tx. App. Houston 14th Dist. 2001 rev. ref.)

*Krug v. State*, 86 S.W.3d 764 .................................................................. 14
    (Tx. App. El Paso 8th Dist. 2002 rev. ref.)

*Perez v. State*, No. 03-98-00465-CR, 1999 Tex. App. ......................... 13
    LEXIS 5533 (Tx. App. Austin 3rd Dist. 1999 no pet.),
    not designated for publication

*State v. Elias*, 339 S.W.3d 667 ............................................................... 14
    (Tx. Cr. App. 2011)

*State v. Kidd* No. 03-09-00620-CR, 2010 Tex. App. LEXIS ................ 10, 17
    10341 (Tx. App. Austin 3rd Dist. 2010 no pet.), not
    Designated for publication

*Walter v. State*, 28 S.W.3d 538 .............................................................. 13
    (Tx. Cr. App. 2000)

*Weightman v. State*, 975 S.W.2d 621 ................................................... 11
    (Tx. Cr. App. 1998)

*Williams v. State*, No. 05-02-00314-CR, 2002 Tex. App. LEXIS ......... 12
    8077 (Tx. App. Dallas 5th Dist. 2002 rev. ref.), not
    designated for publication

## **OTHER**

*Texas Transportation Code*

Section 521.457 ............................................................... 9

Section 545.104 ....................................................... 8, 11, 13-14

Section 545.104(b) ................................................. 7, 9-11, 14

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Brian Vincent Robinson, was charged by indictment with the state jail felony offense of possession of a controlled substance, to-wit: Cocaine in an amount of less than one gram. (CR-4).

He filed a motion to suppress the evidence obtained as a result of the search of his person incident to arrest which gave rise to this offense. (CR-17). That motion was heard before Judge John Gauntt in the 27th Judicial District Court of Bell County, Texas and was denied. (RR2-19).

The Appellant was tried before a jury in that court and found guilty. (CR-31, 34). His punishment was assessed by the trial court at 2 years in state jail. (CR-34; RR7-17, 18).

The Appellant gave timely notice of appeal (CR-40) and the trial court certified his right to do so. (CR-33).

## STATEMENT OF FACTS

The Appellant's sole issue on appeal pertains to the trial court's ruling on his motion to suppress. During that hearing Sgt. Tyler

McEowen of the Killeen Police Department testified that he was working in uniform and in a marked police patrol unit on September 25, 2012 when he was advised by Detective Mallow of the Organized Crime Unit that he had been watching a particular automobile in connection with information that it had been used in narcotics trafficking. (RR2-7). Mallow suggested that it be stopped if McEowen observed the commission of a traffic violation. (RR2-7, 15). Sgt. McEowen also learned from the police dispatcher that the vehicle had temporary license tag on it that had expired. (RR2-8).

McEowen subsequently located the vehicle in the downtown Killeen area and, after following it, observed that the driver failed to signal a turn within 100 feet of the intersection. (RR2-8). The driver would pull completely up to the stop sign and only then signal the turn. This occurred on two occasions. (RR2-15).

The officer initiated a traffic stop and identified the Appellant as the driver. (RR2-10). The Appellant stated that he did not have a valid driver's license in his possession. (RR2-10). Sgt. McEowen checked and learned that the Appellant's driver's license had been suspended. (RR2-11).

The officer arrested the Appellant for driving without a valid driver's license. (RR2-12). Incident to that arrest the officer searched the Appellant and found a small baggie containing a white powdery substance he believed, based upon his training and experience to be cocaine.[1]

At the conclusion of the hearing the trial court entered findings into the record. Those findings were that: (1) the defendant's vehicle was stopped pursuant to traffic violation; and (2) the search of the defendant's person was incident to a lawful arrest for driving while license suspended. The motion to suppress was denied. (RR2-19).

## SUMMARY OF STATE'S ARGUMENT

Article 545.104(b), in clear and unambiguous language, requires that a driver signal a turn continuously for not less than 100 feet prior to that turn. It provides no exceptions. Failure to do is a traffic violation allowing a police officer to stop the vehicle. The application of the statute to every turn is reasonable and does not lead to absurd results.

---

[1] The Texas Department of Public Safety subsequently determined the baggie to contain cocaine in the amount of 0.04 grams. See State's Exhibit 4. (RR8). The stop and arrest were recorded on video which was admitted into evidence at trial as State's Exhibit 1. (RR8).

7

The lawful stop lead to the discovery that the Appellant was driving while his license was suspended and he was arrested for that offense. The Appellant was searched incident to that arrest and cocaine was found on his person. The trial court did not abuse its discretion in denying the Appellant's motion to suppress the results of that search.

## ARGUMENT AND AUTHORITIES

### *Issue on Appeal*

Did the trial court abuse its discretion in denying the Appellant's motion to suppress because it relied upon Section 545? 104 of the *Texas Transportation Code,* allegedly leading to an absurd result?

### *Standard of Review*

A ruling of the trial court on a motion to suppress evidence is reviewed for abuse of discretion and considered under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tx.Cr.App. 2000). The appellate court reviews *de novo* the application of the law to the facts of the case, however, it must also afford almost total deference to the trial court's determination of the facts where that determination is dependent upon the credibility and demeanor of the witnesses. The ruling must be upheld if it is correct under any theory of applicable law. *Estrada v. State*, 154 S.W.3d

8

604, 607 (Tx.Cr.App. 2005).  There is an abuse of discretion when the ruling is so clearly wrong as to be outside the zone of reasonable disagreement.

### *Application and Analysis*

The Appellant does not contest that he failed to signal his turn for not less than 100 feet prior to that turn as required by Section 545.104(b) of the transportation code, thus committing a traffic offense for which the officer could legally stop him.  Nor does he contest the fact that he was driving while his license was suspended and lawfully arrested for that offense as provided in Section 521.457 of the transportation code.  He does not deny that the cocaine was recovered from his person as a result of a search incident to that arrest.

Instead, he relies entirely upon his contention that the interpretation of Section 545.104(b) applying its requirements to every turn leads to an absurd result and, therefore, the trial court should not have relied upon that violation to justify the stop leading to his arrest.

Without any citation to authority, the Appellant opines that a literal reading of 545.104(b) "will not work in every situation".  He complains that what he sees as possible exceptions were not negated in the evidence, while at the same time admitting that such exceptions are not included in the statute.  The Appellant argues that it is absurd to

9

impose upon a driver the necessity of deciding whether or not to turn "before he needs or wants", where it does not further safety, because it compromises freedom of lawful movement upon the roadway. (Appellant's Brief at pg. 11).

In support of his argument he cites his own question to the officer during the hearing on the motion to suppress as to whether or not he can get to an intersection and suddenly say "Hey, there's a Whataburger, I feel like turning". Absurdity is illustrated, he says, in Sgt. Eowen's correct response that he can turn, but it would be a violation of the law. Thus, he contends that he should be allowed to turn without signaling when it is, in his own judgment, inconvenient to do so and not allowing such actions is absurd.

A very similar argument was raised before this court in *State v. Kidd*, No. 03-09-00620-CR, 2010 Tex. App. LEXIS 10341 (Tx. App. Austin 3rd Dist. 2010, no pet.), not designated for publication. (See Appendix.) In that case the sole issue was the lawfulness of a traffic stop for failure to signal intent to turn not less than 100 feet under Section 545.104(b). The defendant asserted that the requirement of the statute was unreasonable because he was unfamiliar with the area and unsure of his direction. He also said such a requirement was "foolishly oppressive in

10

a free society". The trial court agreed and granted the motion to suppress.

This court, however, reversed the judgment of the trial court. It began its analysis with the plain language of the statute and noted that the language of Section 545.104(b) clearly and unambiguously requires a driver intending to turn to signal continuously for 100 feet. The court declined to find that its enforcement led to absurd results. Instead the court concluded that the plain language of the statute "provides a bright-line rule for both drivers of motor vehicles and police officers charged with enforcing the law." It also noted that the legislature must be understood to have meant what it expressed in a clear and unambiguous statute and that the courts are not to subtract from it (citing *Weightman v. State*, 975 S.W.2d 621, 623-24 (Tx. Cr. App. 1998)).

The Appellant's suggestion is that the statute should be interpreted to allow an exception to the requirement to signal a turn when the driver suddenly decided that he wanted to turn would render the statute meaningless and unenforceable. See *Hargrove v. State*, 40 S.W.3d 556, 559 (Tx. App. Houston 14th Dist. 2001 rev. ref.), holding that Section 545.104 is not unconstitutionally vague and that the defendant's

11

suggested interpretation that it merely allows, but does not require a signal would render the law meaningless.

In *Williams v. State*, No. 05-02-00314-CR, 2002 Tex. App. LEXIS 8077 (Tx. App. Dallas 5th Dist. 2002 rev. ref.), not designated for publication, a complaint identical to the Appellant's that the signal requirement produced an absurd result because it required a signal to turn where safety was not furthered was raised. The court of appeals held that the statute was clear and unambiguous and its plain language required a signal and applied anytime a turn is made and not merely in situations where safety is involved, such as near a curve or grade.

In interpreting statutes the courts must seek to effectuate the intent or purpose of the legislature and, where the language is clear and unambiguous, the plain meaning of the words should be applied. *Boykin v. State*, 818 S.W.2d 782, 785 (Tx. Cr. App. 1991).

Here the legislature clearly and unambiguously provides that a driver must signal a turn continuously for not less than 100 feet before the turn. It did not say that a driver might avoid doing so if he was hungry, or thought that it was safe not to do so, or decided to doing so

12

would hamper his freedom of the road[2]. Such an interpretation would be absurd and would render the legislatively imposed requirement of the statute utterly meaningless and unenforceable.

In this case it is undisputed that the Appellant failed to comply with the statutory requirement to signal his turn for not less than 100 feet from the turn. The officer thus had the authority to initiate the traffic stop. Upon making that stop the officer discovered that the Appellant was driving with his license suspended and, therefore, had probable cause to arrest him. Incident to that arrest the officer searched the Appellant and found the cocaine on his person in his pocket.

The only issue in this case is the lawfulness of the initial traffic stop. When a traffic violation is committed within an officer's view he may lawfully stop and detain the person for that violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tx. Cr. App. 2000). A violation of Section 545.104 of the traffic code by failure to signal a turn is a violation of the highway law and grounds for such a traffic stop. *Perez v. State*, No. 03-98-00465-CR, 1999 Tex. App. LEXIS 5533 (Tx. App. Austin 3rd Dist. 1999

---

[2] It might well be argued that all criminal laws hamper one's freedom to do what one might decide to do, but that hardly renders such laws absurd in their application.

no pet.), not designated for publication; *Krug v. State*, 86 S.W.3d 764, 765-66 (Tx. App. El Paso 8th Dist. 2002 rev. ref.). See also *State v. Elias*, 339 S.W.3d 667, 676 (Tx. Cr. App. 2011), where the Court of Criminal Appeals remanded the case to the trial court to determine whether or not the traffic stop was pursuant to Section 545.104 and, therefore, lawful.

The language of Section 545.104(b) is clear and unambiguous and provides a bright-line rule for both drivers and law enforcement. There is nothing in that statute that leads to unreasonable or unforeseen circumstances. There is no indication that the legislature intended it to be optional or subject to exceptions of driver convenience. It must be given the interpretation that effectuates the legislative intent. That requires that it apply signaling as required for all turns. That interpretation is reasonable and provides guidelines for driving and for enforcement. The trial court did not abuse its discretion in denying the motion to suppress and in finding that the Appellant's vehicle was lawfully stopped for a traffic violation and that the search of his person was incident to a valid arrest for driving while his license was suspended.

14

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1,972 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

15

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Tim Copeland, Counsel for Appellant, by electronic transfer via Email, addressed to him at tcopeland14@yahoo.com on this 28th day of May, 2015.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney

# APPENDIX

*State v. Kidd* No. 03-09-00620-CR, 2010 Tex. App. LEXIS 10341 (Tx. App. Austin 2010 no pet.), not designated for publication

Switch Client | Preferences | Help | Sign Out

# Lexis

| My Lexis™ | Search | Get a Document | Shepard's® | More | History | Alerts |

**FOCUS™ Terms** [        ] [Go]    Advanced...

**Get a Document** [        ] [Go]                                    View Tutorial

Service: **Get by LEXSEE®**
Citation: **2010 Tex. App. LEXIS 10341**

*2010 Tex. App. LEXIS 10341, ***

The State of Texas, Appellant v. James D. Kidd, Appellee

NO. 03-09-00620-CR

COURT OF APPEALS OF TEXAS, THIRD DISTRICT, AUSTIN

2010 Tex. App. LEXIS 10341

December 30, 2010, Filed

**PRIOR HISTORY:  [*1]**
FROM THE TRAVIS COUNTY COURT AT LAW NO. 8, NO. C-1-CR-07-200997, HONORABLE CARLOS HUMBERTO BARRERA ▾, JUDGE PRESIDING.

**DISPOSITION:** Reversed and Remanded.

**CORE TERMS:** signal, feet, continuously, traffic stop, deputy, traffic violation, investigative detention, driver, plain language, unambiguous, intending, seizure, suppress, traffic offense, reasonable suspicion, peace officer's, leads to absurd results, driving, detain

**COUNSEL:** For Appellee: Mr. Kyle T. Lowe ▾, Austin, TX.

For Appellant: Ms. Giselle Horton ▾, Assistant County Attorne, Austin, TX.

**JUDGES:** Before Justices Patterson ▾, Puryear ▾ and Henson ▾.

**OPINION BY:** David Puryear ▾

### OPINION

### MEMORANDUM OPINION

James D. Kidd was charged with the misdemeanor offense of driving while intoxicated (DWI). Alleging that the initial traffic stop for failing to signal continuously an intent to turn for not less than 100 feet before the turn was unreasonable under the circumstances, Kidd filed a motion to suppress the evidence related to the DWI charge. A hearing resulted in the granting of the motion, and the State appealed. The sole issue on appeal is whether the traffic stop was constitutionally unreasonable. We will reverse and remand.

### BACKGROUND

Around midnight on January 27, 2007, Deputy Sheriff Anthony Sampson began following Kidd's vehicle. After about five miles, Deputy Sampson observed that Kidd failed to signal continuously for at least 100 feet before turning at a T-intersection. [1] Believing that Kidd's failure to signal intent to turn "continuously for not less than **[*2]** the last 100 feet" was in violation of section 545.104(b) of the transportation code, the deputy initiated a traffic stop that resulted in Kidd's arrest for DWI. *See* Tex. Transp. Code Ann. § 545.104(b) (West 1999).

**FOOTNOTES**

1 Kidd activated his turn signal about 30 feet from the intersection.

Service: **Get by LEXSEE®**
Citation: **2010 Tex. App. LEXIS 10341**
View: Full
Date/Time: Thursday, May 28, 2015 - 11:12 AM EDT

* Signal Legend:
⬤ - Warning: Negative treatment is indicated
🅀 - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

**LexisNexis®** About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2015 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.