

# NUMBER 13-19-00470-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                            Appellant,

v.

CONRADO M. HUERTA,                                                       Appellee.

## On appeal from the County Court at Law No. 1
## of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant the Texas Department of Public Safety (DPS) appeals the trial court's

reversal of an administrative decision to suspend appellee Conrado M. Huerta's driver's

license. *See* TEX. TRANSP. CODE ANN. § 724.035(a)–(b). By three issues, DPS argues: (1)

the detaining officer had reasonable suspicion to conduct a traffic stop; (2) the trial court

erred by implicitly reweighing the evidence; and (3) the trial court erred by reversing the administrative decision based on a ground raised on appeal. We reverse and render.[1]

## I.  BACKGROUND

### A.  ALJ Hearing

At a hearing before an administrative law judge (ALJ), DPS presented evidence of the following facts. On June 13, 2018, Harlingen Police Officer Joel Avalos observed Huerta's vehicle switch lanes, switch back onto the middle lane, drive onto the center striped lane, and switch lanes for the third time, without ever activing the turn signal.

After initiating a traffic stop, Officer Avalos smelled a strong odor of alcohol emanating from Huerta's breath and person, and noticed glassy, bloodshot eyes, and Huerta's slurred speech. Huerta admitted to consuming five twelve-ounce alcoholic beverages. Officer Avalos asked Huerta to step out of his vehicle to further investigate whether Huerta was driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.04.

The issues at the ALJ hearing were whether: (1) reasonable suspicion existed to stop or arrest Huerta; (2) probable cause existed to believe Huerta was operating a motor vehicle in a public place while intoxicated; (3) Huerta was placed under arrest by the officer and was requested to submit to the taking of a breath and blook specimen; and (4) Huerta refused to submit to the taking of a specimen after the officer's request. *See* TEX. TRANSP. CODE ANN. § 724.042.

After the hearing, the ALJ issued an order authorizing DPS to suspend Huerta's driving privileges for 180 days. The order included findings of fact and conclusions of law.

---

[1] Huerta did not file a brief to assist us in the resolution of this matter.

Among other things, the ALJ found:

1. There was reasonable suspicion to conduct the traffic stop. Officer Avalos observed Huerta change lanes three times without signaling a lane change and drive onto the center lane.

2. Probable cause to arrest Huerta for driving while intoxicated existed because in addition to the aforementioned facts, Huerta had a strong odor of alcohol; displayed unsteady balance, thick speech and red, glossy [sic] eyes; displayed 4 of 6 clues of intoxication on the Horizontal Gaze Nystagmus test and could not follow direction; displayed additional clues of intoxication, including unsteady balance, on the One[-]Leg Stand task.

3. Huerta was placed under arrest and was properly asked to submit a specimen of blood or breath, which Huerta refused.

4. DPS proved issues set out in TEX. TRANSP. CODE ANN. § 724.042.

**B.    ALJ Appeal to the Trial Court**

Huerta appealed the ALJ's decision to the trial court alleging that there was "not a scintilla of evidence [supporting a conclusion that Huerta] was provided his statutory warning prior to" Officer Avalos requesting his specimen as required by § 724.015. *See id.* § 724.015 (requiring a police officer to warn a suspected intoxicated driver prior to requesting a breath specimen both orally and in writing of the consequences of taking or refusing to take a breath test, including the fact that a refusal to take a breath test will lead to an automatic suspension of the driver's license). Huerta also argued that his failure to maintain a single lane was not done "unsafely," such that there was no reasonable suspicion for Officer Avalos to conduct a traffic stop.

At the trial court hearing, Huerta argued that Officer Avalos failed to provide Huerta both written and verbal warnings prior to Huerta's refusal to provide a breath specimen and that Officer Avalos's report of events was "completely fabricated." DPS argued that,

under a substantial evidence review, the trial court was restricted to reviewing the certified ALJ record for the purpose of determining whether the record contained more than a scintilla of evidence to support the ALJ's decision, and, if it did, the trial court was barred from substituting its own judgment for that of the ALJ.

The trial court thereafter reversed the ALJ's finding. This appeal followed.

## II.   STANDARD OF REVIEW

We review the trial court's substantial evidence review of the ALJ's order de novo. *See Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 800 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied). We independently review the ALJ's decision under a substantial evidence standard. *Id.*; *see also Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) (per curiam). Whether substantial evidence exists to support an ALJ's order is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam). Courts must affirm the ALJ findings if there is "more than a mere scintilla of evidence" to support them. *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex. 1995) ("Substantial evidence requires only more than a mere scintilla."). The ALJ's decision is presumed to be supported by substantial evidence, and the contestant has the burden of proving that the administrative decision should be reversed. *See City of El Paso v. Pub. Util. Comm'n*, 883 S.W.2d 179, 185 (Tex. 1994). "Because the ALJ is the fact finder, a reviewing court which applies the substantial evidence standard is barred from substituting its judgment for the judgment of the ALJ on the weight of the evidence." *Mireles,* 9 S.W.3d at 131.

4

The Texas Government Code provides the limited parameters for reversal on review:

> [A Court] shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (A) in violation of a constitutional or statutory provision; (B) in excess of the agency's statutory authority; (C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174(2).

In the trial court, Huerta only challenged whether the evidence was reasonably supported by substantial evidence. We therefore analyze whether: (1) substantial evidence supports the ALJ's findings, as required under the Texas Transportation Code, to subject Huerta to a 180-day suspension; and (2) the ALJ's findings, although supported by evidence, somehow prejudiced Huerta's substantial rights through unlawful procedure, one of the enumerated grounds in the Texas Government Code. *See id.*; TEX. TRANSP. CODE ANN. § 524.035(a).

### III.    APPLICABLE LAW

An officer may lawfully stop a motorist who commits a traffic violation in the officer's presence. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) ("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."); TEX. TRANSP. CODE ANN. § 543.001 ("Any peace officer may arrest without warrant a person found committing a violation of this subtitle."); *see Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In order to lawfully detain a suspected violator, a peace

5

officer only needs reasonable suspicion that a traffic law has been violated. *See Hesskew v. Tex. Dep't of Pub. Safety*, 144 S.W.3d 189, 191 (Tex. App.—Tyler 2004, no pet.). "Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005). In determining whether reasonable suspicion existed for a stop, we look to the totality of the circumstances. *Id.*

"Under the Fourth Amendment, a warrantless arrest for an offense committed in the officer's presence is reasonable if the officer has probable cause." *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "'Probable cause' for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Id.* "The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officers," and "requires a consideration of the totality of the circumstances facing the arresting officer." *Id.* A finding of probable cause requires "more than bare suspicion" but "less than . . . would justify . . . conviction." *Id.* (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

## IV. ANALYSIS

By its first issue, DPS contends the trial court erred in reversing the ALJ because Officer Avalos had reasonable suspicion to conduct a traffic stop. At the trial court hearing

on Huerta's appeal of the ALJ's findings, Huerta argued that Officer Avalos lacked reasonable suspicion for the initial stop because driving onto the middle lane is not a violation of § 545.060(a) unless it is done in an unsafe manner. *See* TEX. TRANSP. CODE ANN. § 545.060(a).

## A.    Reasonable Suspicion

First, DPS argues that Officer Avalos had reasonable suspicion to detain Huerta. Huerta on the other hand claimed that to have committed a traffic violation, he must have moved into the middle lane in an unsafe manner. However, an officer who personally observes a driver changing lanes without signaling has reasonable suspicion to detain the driver. *Hargrove v. State*, 40 S.W.3d 556, 557 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Here, in Officer Avalos's report, he stated that he observed Huerta change lanes without a signal three times, and this evidence supports a finding that Officer Avalos had reasonable suspicion to lawfully detain Huerta. *See* TEX. TRANSP. CODE ANN. § 724.042(1); *Hargrove*, 40 S.W.3d at 557. We sustain DPS's first issue.

## B.    Probable Cause

By its second and third issues, DPS contends that the trial court erred by reweighing the evidence supporting the ALJ's determination that Officer Avalos had probable cause to arrest Huerta, that he provided Huerta with the required statutory warnings concerning Huerta's refusal to provide a breath specimen, and that Huerta refused to submit to a breath specimen. Huerta argued DPS failed to prove there was probable cause to arrest Huerta for DWI and that there was "no evidence" he received both verbal and written statutory warnings prior to his refusal to submit a breath specimen.

7

After the traffic stop, Officer Avalos observed Huerta's glassy, bloodshot eyes, slurred speech, and an odor of alcohol emanating from Huerta's breath and person. Additionally, Huerta admitted to consuming five twelve-ounce alcoholic beverages. Officer Avalos performed a field sobriety test, and he believed Huerta was driving while intoxicated based on the results of the test. Thus, the record contains more than a scintilla of evidence supporting a finding that Officer Avalos had probable cause to believe Huerta was driving while intoxicated. *See* TEX. TRANSP. CODE ANN. § 724.042(2)(A); *Chapnick v. State*, 25 S.W.3d 875, 877 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

## C. Statutory Warnings

Next, DPS argues that there was substantial evidence that Officer Avalos provided Huerta with the required statutory warnings concerning Huerta's refusal to provide a breath specimen and that Huerta refused to submit to a breath specimen. Huerta argued there was "certainly no evidence" of the same. To support this contention, Huerta pointed to the absence of his signature on the statutory DIC-24 form.

DPS disputed Huerta's claim and provided Officer Avalos's probable cause report wherein he stated: "I read Huerta a true and correct copy of the statutory warning in English. Huerta stated that he understood the warning. Huerta stated that he was not going to provide me with a specimen of his breath." Although Huerta did not sign the document, Officer Avalos signed the document stating that he had read the warnings to Huerta. This is a question of fact, and the ALJ "is the fact finder and the sole judge of the credibility of the witnesses and the weight of the evidence." *Tex. Dep't of Pub. Safety v. Castro*, 406 S.W.3d 782, 786 (Tex. App.—El Paso 2013, no pet.); *see also Dep't of Pub.*

8

*Safety v. Mitchell*, No. 2-01-00398-CV, 2003 WL 1904035, at *2 (Tex. App.—Fort Worth April 17, 2003, no pet.) (mem. op.) (providing that "the warnings given in the DIC-24 provided appellee with the statutorily-required warnings" where the officer's signature appears on the form, but the defendant refused the specimen and refused to sign the form).

Additionally, the record contains evidence that Huerta understood the warnings and refused to provide a specimen of his breath as indicated by Officer Avalos. Contrary to Huerta's assertion that there "certainly was no evidence" he was provided with statutory warnings, in Officer Avalos's "DWI Specimen report," Officer Avalos indicated that he read the DIC-24 to Huerta at 2:15 a.m. and Huerta was "*personally* handed the DIC-24 form." (Emphasis added.). *See Lane v. State*, 951 S.W.2d 242, 244 (Tex. App.—Austin 1997, no pet.) (determining that alleged statutory violation of failing to hand defendant "DIC-24 warning form" "was unrelated to the purpose of the exclusionary rule" where defendant "orally received the information . . . before being asked to give the breath sample," where "[t]here was no evidence that appellant did not understand this information," and where "there was no evidence that the officer's failure to timely hand him the printed DIC-24 warning form had any impact whatsoever on appellant's decision to take the breath test"). Officer Avalos's "DWI's case report" provides that Officer Avalos requested a "blood" and "breath specimen," and "subject refused." In this regard, "[a]ny conflict in the evidence regarding [defendant's] refusal to provide a breath specimen was a matter for the ALJ to resolve." *Tex. Dep't. of Pub. Safety v. Latimer*, 939 S.W.2d 240, 245 (Tex. App.—Austin 1997, no pet.).

9

Moreover, Huerta did not testify at the ALJ hearing, did not provide any facts to the contrary, and failed to cite to any authority in the trial court indicating that his lack of signature on the DIC-24 equates to "no evidence" that Officer Avalos provided him with the required statutory warnings. *See Jamail v. State, 731* S.W.2d 708 (Tex. App.—Houston [1st Dist.] 1987), *aff'd*, 787 S.W.2d 380 (Tex. Crim. App. 1990) (providing that the defendant's refusal to testify at a motion to suppress hearing was a failure "to sustain his burden of proof by showing that he did not also receive a written [statutory] warning" where there was evidence that the officer gave defendant oral statutory warnings prior to defendant's refusal to give a breath specimen). Thus, Huerta did not provide the trial court with evidence that he refused to take the test because he did not receive the written warnings.

## D.     Summary

Based on the foregoing and a review of the record, there is more than a scintilla of evidence supporting the ALJ's finding that Officer Avalos read and provided Huerta with a true and correct copy of the statutory warnings. *See Tex. Dep't of Pub. Safety v. Scanio*, 159 S.W.3d 712, 715 (Tex. App.—Corpus Christi–Edinburg 2004, pet. denied) (concluding that this Court "must affirm the ALJ's decision if it is supported by more than a scintilla of evidence."); *Martin v. Dep't of Pub. Safety*, 964 S.W.2d 772, 773 (Tex. App.—Austin 1998, no pet.) (providing that the record contained ample evidence that the officer administered warnings both orally and in writing where the DIC-24 form properly admonished defendant of the consequences of his failure to provide a specimen); *City of El Paso*, 883 S.W.2d at 185 ("The administrative decision is presumed to be supported

by substantial evidence, and the burden of proving that the administrative decision should be reversed is to be borne by the contestant.").

The evidence here shows that Huerta was arrested for DWI, was provided statutory warnings, was asked to provide a breath and blood specimen for testing, and refused to provide a specimen. *See* TEX TRANSP. CODE ANN. § 724.042(2)(3)(4); *see also Jessup v. State*, 935 S.W.2d 508, 511 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (holding that the defendant "failed to establish any causal connection [in a motion to suppress hearing] between his refusal and the fact that he was not given the written warnings before he refused the breath test"). Our job is not to determine whether the ALJ's decision was correct; rather, we solely determine whether the record demonstrates some reasonable basis for the ALJ's decision, and we conclude that this record does. *See Scanio*, 159 S.W.3d at 716 ("[T]he burden for overturning an agency ruling is formidable."); *Mireles*, 9 S.W.3d at 131; *Castro*, 406 S.W.3d at 786. The ALJ's administrative decision, including its findings of fact, conclusions of law, and order therein, is supported by substantial evidence and the record demonstrates some reasonable basis for the ALJ's action. *See* TEX. GOV'T CODE ANN. § 2001.174 (providing that a reviewing court may not substitute its judgment regarding the weight of the evidence for that of a state agency.); *Tex. Dep't of Pub. Safety v. Butler*, 110 S.W.3d 673, 675 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (providing that a reviewing court must uphold an ALJ's decision if it is supported by more than a mere scintilla of evidence). We sustain DPS's second and third issues.

## V.    CONCLUSION

We reverse the trial court's order and render judgment reinstating the ALJ's order authorizing the suspension of Huerta's driving privileges.

JAIME TIJERINA
Justice

Delivered and filed on the
1st day of July, 2021.