

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00138-CR

**BONNIE ALLEN THOMAS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court
Johnson County, Texas
Trial Court No. F50926**

## ORDER ON MOTION
## TO TRANSFER

Appellant Bonnie Allen Thomas appeals her conviction for possessing a firearm on the premises of a government court or offices utilized by the court. In a previous motion, Thomas sought to recuse the Honorable John E. Neill, Justice, Tenth Court of Appeals, from the panel considering her appeal or, alternatively, to have her appeal transferred to the Third Court of Appeals in Austin, Texas. Justice Neill has recused

himself from the panel in this case, and Thomas's alternative motion to transfer was dismissed as moot by the Court.

Thomas has filed an additional motion to transfer her case to the Third Court of Appeals in Austin. However, Thomas's motion does not comply with the procedures required to obtain such a transfer. *See Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 (Tex. 1995); *see also McCray v. Reid*, No. 10-06-00362-CV, 2007 WL 178575, at *1 (Tex. App.—Waco Jan. 24, 2007, pet. denied) (mem. op.). Only the Texas Supreme Court has the authority to transfer an appeal from one court of appeals district to another. *Miles*, 914 S.W.2d at 137. The relevant statute provides: "The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer." TEX. GOV'T CODE ANN. § 73.001.

The Supreme Court has established the following procedure to request a transfer from one court of appeals to another:

> The party requesting a transfer should file a copy of the motion to transfer in each of the two courts of appeals, asking that, when the motion is forwarded to the Supreme Court, each court of appeals advise the Supreme Court in writing whether it has any objection to the proposed transfer. Any briefs in favor of the proposed transfer should also be filed in each court of appeals and forwarded with the transfer motion. We will then have the motion, the briefs, and the comments of the two courts of appeals in determining whether to grant the motion to transfer.

*Miles*, 914 S.W.2d at 137, n.2. The procedure applies equally to appeals in criminal cases. *See Trevino v. State*, 419 S.W.3d 313, 315 (Tex. App.—Amarillo 2009, pet. ref'd); *see also Miera v. State*, No. 13-09-00166-CR, 2010 WL 3390146, at *3 (Tex. App.—Corpus Christi Aug. 30, 2010, pet. ref'd) (mem. op., not designated for publication); *Fletcher v. State*, No.

08-09-00122-CR, 2010 WL 3783946, at *6 (Tex. App.—El Paso Sept. 29, 2010, no pet.) (mem. op., not designated for publication); *Simmons v. State*, No. 07-07-0282-CR, 2009 WL 2341921, at *2 (Tex. App.—Amarillo, July 30, 2009, pet. ref'd) (mem. op., not designated for publication).[1]

There is no indication that Thomas has filed her motion with the Third Court of Appeals or that she has requested that the motion filed in this Court be forwarded to the Supreme Court for disposition.

Accordingly, because Thomas has not complied with the procedure to obtain such a transfer and because we do not have the authority to make such a transfer, the motion to transfer this appeal is dismissed.

PER CURIAM

Before Chief Justice Gray
        and Justice Davis
Motion dismissed
Order issued and filed April 24, 2019



---

[1] Under Rule 47.7(a) of the Rules of Appellate Procedure, unpublished memorandum opinions not designated for publication have no precedential value but may be cited with the notation, "(not designated for publication)." Unpublished memorandum opinions are persuasive rather than binding precedent that the court may follow or reject. *See Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).